

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*        *Federal Building & Courthouse*
*Fax: (413) 785-0394*                   *Main Street, Room 310*
                                        *Springfield, Massachusetts 01103*

December 9, 2005

Harry Miles, Esq.
77 Pleasant Street
Northampton, MA 01061

Re:   United States v. Michael Marrero
      Criminal No. 05-30047-MAP

Dear Attorney Miles:

In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16, I am providing you with the following response to your discovery letter dated September 14, 2005.

The government has provided, or agreed to provide, the following items to the Defendant: (1)DEA- Form 7 *Report of Drug Property Collected, Purchased or Seized;* (2) DEA-86 *Forensic Chemist Worksheet*(front and back); (3) DEA spectra or chromatographs generated during the laboratory's analysis; and (4) the Government expert's summary of testimony and curriculum vitae.  In addition to being able to review the reports that the government has already provided, the government will permit the Defendant to perform his own tests on the cocaine base recovered from the Defendant.  Rule 16(a)(1)(E) allows the Defendant "to inspect...tangible objects...if the item is within the government's possession, custody, or control, and; (i)the item is materials to preparing the defense; (ii) the government intends

1

to use the item in case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." The authority to "inspect" includes the right to an independent weighing, and analyses. The pertinent issue is whether the Government's results are accurate, not whether the defense's expert would use the same procedures as adopted by the DEA.

The government declines to provide counsel internal agency documents, including maintenance and calibration logs, chain of custody documents. See Fed.R.Crim.P. Internal Government documents do not constitute "results or reports" as defined in Rule 16.[1]

---

[1] See United States v. Wilkerson, 189 F.R.D. 14(D. Mass. 1999)(Court denied defense request for "All [DEA] written records, notes, and documentation relating to specimen acceptance, identification, chain-of-possession, transport, receipt, storage, processing, and testing," and "copies of all laboratory procedures utilized in the testing of these specimen(s) including scientific equipment, preparation and verification of chemical or test reagents, step-by-step description or instruction of the testing process, examples of test data produced or obtained by test analysis, criteria for the review of test data, quality assurance and standardization relating to test analysis, as well as a copy of the test analysis data including instrument tracings and computer output obtained from the testing of the specimen(s), standards, control, and blank samples."); United States v. Price, 75 F.3d 1440, 1445 (10th Cir. 1996)(In denying defense Rule 16 motion for internal lab procedures denied as beyond the scope of discovery obligations, the court held, "[t]he language is clear on its face. It requires the prosecution to turn over 'results or reports' of scientific tests. The record shows the prosecution turned over...all reports and test results.... The government therefore complied with 16(a)(1)(D), and the court did not abuse its discretion in refusing to permit additional discovery relating to laboratory processes under that part of Rule 16."); United States v. Iglesias, 881 F.2d 1519, 1521-1523 (9th Cir. 1989)(Court denied defense Rule 16(a)(1)(D) motion for "all documents associated with any scientific analysis of any controlled substance seized or otherwise obtained in the course of any investigation leading to or otherwise associated with the prosecution of this case. This request includes but is not

Courts have recognized the ability of the DEA laboratories to accurately report analytical results.[2] If a defendant doubts the accuracy of the government's results, his remedy is to have the exhibit tested by his own expert, not to seek the Government's internal reports.

In United States v. Wilkerson,[3] the defendant filed a motion which sought disclosure of a host of information from the Government on its laboratory, including:

> Complete technical procedures relating to all tests conducted on the specimen(s) including but not limited to tests used to determine the presence and concentration and form of drugs or chemicals used to prepare or process drugs. The description of these procedures should include copies of all laboratory procedures utilized in the testing of these specimen(s) including scientific equipment, preparation and verification of chemical or test reagents, step-by-step description or instruction of the testing process, examples of test data produced or obtained by test analysis, criteria for the review of test data, quality

---

limited to those records memorializing the storage and transportation of any such substance from the time of seizure or acquisition and thereafter up to and including the trial in this matter" as beyond the scope of Rule 16); United States v. Berry, 670 F.2d 583 (5th Cir. 1982)(defense request for DEA laboratory manual denied as irrelevant); Wolford v. United States, 401 F.2d 331 (10th Cir. 1968)(defense request for step-by-step testing procedures denied).

[2] See e.g. Belton v. United States, 580 A.2d 1289,1293 (D.C.App. 1990)("we observed that the chemists who conduct such analyses do so routinely and generally do not have an interest in the outcome of trials, that they are under a duty to make accurate reports, and that it is difficult to perceive any motive or opportunity for the chemists to falsify their reports. We therefore concluded that certified Drug Enforcement Agency chemists reports are sufficiently trustworthy to satisfy the purpose of the Confrontation Clause, and that admission of those reports in lieu of the chemist's testimony was constitutionally permissible.") (internal citations and quotations omitted).

[3] 189 F.R.D. 14(D.Mass.1999).

  assurance and standardization relating to test analysis, as well as a copy of the test analysis data including instrument tracings and computer output obtained from the testing of the specimen(s), standards, control and blank samples.[4]

 In ruling on the defendant's request for the internal laboratory procedures, the court said the materials were neither discoverable as "results or reports," nor under Rule 16(a)(2). The defendant insisted that his materiality claim trumped Rule 16(a)(2), but the court disagreed.  Rule 16(a)(2) acts as a prohibition against compelled discovery of 'reports, memoranda, or other internal government documents' even if they could initially be categorized as 'material to the preparation of the defendant's defense' as the term is used in Rule 16(a)(1)(C).[5] The defense may cross-examine on the laboratory's chain of custody procedures,[6] and the processes which ensure the accuracy of the laboratory's instrumentation.[7]

          MICHAEL J. SULLIVAN
          United States Attorney

        By: /s/ Paul Hart Smyth
          _____
          Paul Hart Smyth
          Assistant U.S. Attorney

---

[4] Id. at 15.

[5] Id. at 16.

[6] See Defendant's Letter Dated September 22, 2005, #2 ("Chain of custody documents which track the sample from the time of collection to receipt in the laboratory, through analysis and subsequent disposition of the sample(d).").

[7] See Defendant's Letter Dated September 22, 2005, #4 ("Maintenance and calibration logs for the scales and instrumentation used to weigh and identify the analyte(s).").

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          December 9, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by facsimile to Attorney Harry Miles, 77 Pleasant Street, Northampton, MA.


                                       /s/ Paul Hart Smyth
                                       Paul Hart Smyth
                                       Assistant U.S. Attorney