UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division
Criminal No. 05-30047-MAP

------------------------

UNITED STATES

v.

MICHAEL MARRERO, Defendant.

==========================

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS PHYSICAL EVIDENCE.

(EVIDENTIARY HEARING REQUESTED)

=================================================

INTRODUCTION.

This matter comes before the Court on defendant's motion to suppress physical evidence which the prosecution allegedly obtained as the result of a confidential informant, Julian (King Tuna) Rios's, direct buy from the defendant.

FACTS.

A. Official Misconduct

1.    The defendant was a member of the Latin Kings gang from 1993 into 1997. The Defendant was part of the "North End Crew." Exh. 1, Marrero Aff., at 1.

1

2.    In 1997, the Springfield gang split as the result of a controversy over how to react to the homicide of one of its members. The South End and Forest Park Crews disagreed with the North End Crew. As a result, the members of the North End Crew dropped out of the gang.

3.    Because of the circumstances, the North End Crew was allowed to walk out without suffering the normal consequences. Exh. 1, Marrero Aff., at 1-2.

4.    Normally, the consequences to a member who terminated his gang membership ordinarily involved the death of the individual. Exh. 2, Ruiz Affidavit, at ¶5. Under some circumstances, the gang members would "beatdown" the member who sought termination by beating and stabbing him. *Id.*, at ¶4; Exh. 1, Marrero Aff., at 3.

5.    The defendant has been out the gang for approximately seven years when Julian (King Tuna) Rios approached him and told him that if he really wanted to be done with gang, he had to do some things to help Rios. *Ibid.,* at 2. Rios told the defendant that he, Rios, was running the gang. *Id.*

6.    Rios told the defendant that if the defendant did not help him, he would make sure that the South End

and Forest Park crews would "terminate" the
defendant; that is, the defendant would be "beat
down" by gang members who had no sympathy for him and
who probably would kill him. *Id.*

7.    Rios told the defendant that he had to help Rios
sell drugs. Rios told the defendant that he might
come and buy the drugs back from him. *Ibid., at 3.*

8.    At that time, Rios was a paid Government
informant. See Exh. 6, Attachment to letter from AUSA
Paul H. Smyth, Esq., dated January 4, 2005, at 7 *et.
seq.*

9.    Rios sold the defendant the same drugs that Rios
bought during the controlled buy. Rios gave the
defendant the same amount of money for the drugs that
the defendant had paid him. The defendant did not
profit from the controlled buy. *Ibid., at 3-4.*

10.    The defendant participated in the deal because
Rios threatened his life. *Ibid., at 5.*

11.    At the time Rios contacted the defendant, the
defendant was employed at Starbuck's, was not selling
drugs, and was not a gang member. *Ibid., at 4.*

12.    The defendant's version of events bears striking
resemblance to the story which another, unrelated

defendant, David Ruiz, told about Rios. Exh. 2, Ruiz
Aff., at ¶6.

B. Spoliation

13.   Once Rios had retrieved some of the drugs he had
sold to the defendant, the law enforcement officers
sent them to the DEA laboratory for testing. Exh. 3,
Letter from AUSA Paul Hart Smyth, Esq., dated
February 9, 2006, at 1.

14.   The Government maintains that the laboratory
analyst examined the two bags individually and then
combined them to examine the composite sample with a
mass spectrometer. *Id., at* 3.

15.   The defendant engaged the services of Dr. David
M. Benjamin, a clinical pharmacologist and
toxicologist who has qualified as an expert before
this court.

16.   Dr. Benjamin could not verify from the analyst's
laboratory notes that any of the contraband had been
examined individually. Exh. 4, Letter from Dr.
Benjamin, dated March 20, 2006, at 1, 2. Exh. 5, Lab
Notes for Government Exh. 92.

17.   Dr. Benjamin concluded with reasonable scientific
certainty that the results of testing supplied by the
DEA did not suffice to allow him to determine if the

free base form of cocaine was present in the samples. Exh. 4, Letter from Dr. Benjamin, at 3.

18.    Because the composite sample cannot be separated into its original components, the defendant's expert cannot replicate the testing process in which the Government's analyst engaged.

19.    The substance in one of the bags weighed less than five grams; that in the other weighed more. Exh. 5, Lab Notes.

20.    By combining the two bags, the DEA analyst deprived the defendant of the ability to refute the Government's claim that both bags contained cocaine base.

21.    The DEA analyst's notes do not contain references to the individual bags; all results appear to pertain to the total mass of substance. Exh. 5, Lab Notes.

ARGUMENT.

A.

**WHEN A PAID GOVERNMENT INFORMANT THREATENS THE DEFENDANT WITH DEATH OR GRIEVOUS BODILY HARM UNLESS THE DEFENDANT SELLS DRUGS WHICH THE INFORMANT SUPPLIES; AND, THE GOVERNMENT CHARGES THE DEFENDANT WITH SELLING THE SAME DRUGS BACK TO THE INFORMANT AT NO PROFIT TO THE DEFENDANT, THE GOVERNMENT'S CONDUCT IS SO OUTRAGEOUS THAT THE COURT SHOULD SANCTION IT BY SUPPRESSING THE PHYSICAL EVIDENCE RESULTING FROM THE TRANSACTION.**

The Government cannot engage in outrageous conduct shocking to the Court's conscience to establish a case against the defendant. See, *United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Santana*, 6 F.3d 1, 3 (1st Cir. 1993). Were the Government to engage in outrageous conduct shocking to the Court's conscience to establish a case against the defendant, the Government will have deprived the defendant of substantive due process guaranteed by the Fifth Amendment to the United States Constitution, and engaged in an unreasonable seizure of the drugs in violation of the Fourth Amendment to the United States Constitution. That standard does have vitality in this circuit, but it is confined to situations of brutal or otherwise outrageous behavior. Cf., *Brown v. Ives,* 129 F.3d 209, 212 (1st Cir. 1997).

In this case, the defendant asseverates that the Government's actions go far beyond those normally approved "in these modern times with advanced technology and transportation facilities readily available to criminals, [so that] drug conspiracies, especially of an international character, are extremely difficult to penetrate and therefore enforcement ingenuity must be encouraged and greater government involvement allowed." *United States v. Matiz*, 14 F.3rd 79, 82 (1st Cir. 1994). Here, the Government employed a paid informant who threatened the defendant's life were the defendant to refuse to participate in a drug conspiracy with him. As a result of the threats, the defendant acquiesced. Were that insufficient to shock the conscience, the paid informant also "sold" the defendant the drugs the defendant was to distribute. Then, the paid informant bought back a portion of the very same drugs using the Government's funds. The informant paid the defendant the same amount of money to get the drugs back from the defendant that the informant had extracted from the defendant when he "sold" him the drugs in the first place. Hence, the defendant, allegedly a vile profiteer, realized no gain from the transaction. These circumstances differ substantially from those in which undercover law

enforcement agents or paid informants buy drugs from
dealers, or initiate sales to dealers, or engage in the
manufacture of drugs which they sell to others for further
distribution. These circumstances also differ substantially
from those in which a defendant claims that law enforcement
agents harassed, begged, or cajoled him or her to
participate in a drug conspiracy. In none of those cases
has the Government's paid agent threatened the subject of
the investigation with death should he or she refuse to
participate. In none of those cases has the Government
charged the defendant with selling back to the paid
informant drugs which the paid informant recently sold to
him or her for the same price.

Although the judicial conscience of the First Circuit
is not easily shocked, this set of circumstances transcends
those in which the First Circuit has remained phlegmatic.
Contrast, e.g., *United States v. Marino,* 936 F.2d 23, 26
(1st Cir. 1991)[Staged collision not outrageous.] The
defendant asks the Court to find that the Government's
conduct, by and through its paid agent and informant, was
so fundamentally unfair that sanctions are appropriate. The
defendant proposes that suppression of the physical
evidence and the electronic recording which documents the
transaction would suffice as a sanction in this case.

B.

**WHEN A LAW ENFORCEMENT AGENCY HAS COMPLETE CONTROL OVER THE EVIDENCE, AND THE LABORATORY TECHNICIAN WHO ANALYZED THE EVIDENCE MADE IT IMPOSSIBLE FOR THE DEFENDANT'S EXPERT TO REPLICATE THE ANALYSIS OR TO IDENTIFY THE SUBSTANCES PRESENT IN EACH OF TWO BAGS OF CONTROLLED SUBSTANCE, THE COURT SHOULD SUPPRESS THE PHYSICAL EVIDENCE AS A SANCTION FOR SPOLIATION OF THE EVIDENCE.**

The defendant asserts that the Government destroyed his ability to verify the identity of the substance contained in each of two bags submitted to the laboratory in one exhibit. The Government's laboratory technician combined the contents of both bags. The technician's report did not permit the defendant's expert to determine whether certain screening tests took place before or after the technician combined the evidence. In any event, it was clear that the technician subjected only the composite to a conclusive test: mass spectrometry. The analysis of each bag is important to the defendant because the mandatory minimum sentence does not apply to sale of less than five grams of cocaine base. Hence, if all of the cocaine base which the technician identified came from the heavier bag, the defendant would have distributed less than five grams. Exh. 5, Lab Notes for Government Exh. 92. Thus, the creation of the composite deprived the defendant of the opportunity to discover and develop exculpatory evidence.

The defendant recognizes that in criminal cases the attribution of bad faith to the government is a usual precondition to a spoliation claim in "missing evidence" cases. *United States v. Femia,* 9 F.3d 990, 994 (1st Cir.1993). However, there may be extraordinary cases where the government's loss of evidence requires some remedy despite good faith, *cf. United States v. Alston,* 112 F.3d 32, 35 (1st Cir.), *cert. denied,* 522 U.S. 999, 118 S.Ct. 568, 139 L.Ed.2d 408 (1997). The defendant contends that this is one of those "extraordinary cases." See, *United States v. Shea*, 211 F.3d 658, 668 (1st Cir. 2000).

The technician who analyzed the evidence did not explain the need to create a composite for analysis. At best, it may have saved some time; analysis was performed on one sample rather than two. The defendant asserts that except under extreme circumstances, saving a bit of time does not justify manipulation of the evidence so that the defendant cannot analyze it. Furthermore, there is no explanation for the technician's failure to report which bag of evidence she had screened and the results of each process. Her actions prevented the defendant's expert from evaluating the results of the Government's scientific tests.

In civil cases a party that opposes the introduction of evidence because of spoliation need not show bad faith. The issue is fairness to the parties. See, *Trull v. Volkswagon of America, Inc.*, 187 F.3rd 88, (1st Cir. 1999). *Sacramona v. Bridgestone/Firestone, Inc.,* 106 F.3rd 444, 447, 446 (1st Cir.1997). In this case, the destruction of evidence has prejudiced the defendant; fundamental fairness requires a remedy. Exclusion of the evidence is the appropriate remedy.

CONCLUSION.

The Court should grant the defendant's motion to suppress physical evidence.

Dated at Northampton, August 11, 2006.

Respectfully submitted,
The defendant by his attorneys
/s/ *Harry L. Miles*
Harry L. Miles, of
*Green, Miles, Lipton & Fitz-Gibbon LLP*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:    413.586.8218
Fax:     413.584.6278
BBO#:    345800

Certificate of Service:  I certify that I have filed this document, its attachments and the defendant's motion to suppress physical evidence electronically today, August 11, 2006.

/s/ *Harry L. Miles*

AFFIDAVIT

I, MICHAEL MARRERO, THE UNDERSIGNED

AFFIANT, MAKE OATH AND DEPOSE THAT:

I was a member of the Latin King gang from 93 to 97 MM

when my bestfriend Miguel Hernandez was killed. At

the time of his death there was a turmoil within

the gang with the members closest to the deceased

(mostly from the northern area) and its leaders (mostly

from the Southern, Forest Park area) shared

MM
different opions opinions on the course of action

taken against those responsible. Since it was

cleared we were outnumbered we dropped out

of the gang and due to the circumstances and

MM    our grief we were allowed to walk out without

consequences. MM

I was out of the gang for approxametily 7 years when I was approached by Julian (Tuna) Rios through mutual acquaintances. I was told by Rios that I had to do some things to help him (Tuna) out if I wanted to be done with the gang. He said he respected me and wanted to activate me, but that he'll agree to let me go offecially if I complied with him. He said he was now running the gang and that he didn't agree what had happened, but that he will make sure I got "Termenated" from the gang by my past rivals from the South end, Forest Park area if I didn't work with

MM    him and help put him on his feet.

When then set up a date to talk out details
MM about what I needed to do. About a week
or so later, we met again and he told me I had
to help him sell drugs, so that he can get his
money right and how he might come back and
buy them back off of me. I agreed if I was able
to be left alone and not touched or beaten, stabbed
jumped etc.
    He stated that his word is gold and what
he said he meant, "how I wasn't dealing with
a nobody." He then gave me the drugs and
said he'll be in touch. A few days later I
was contacted by a friend of Rios and told
that he was sent to me for drugs, I met up with
MM    him and charged him what I payed for the

drugs or was being charged by Rios. Two or three days after that Rios contacted me stating he needed some drugs for the same price he gave it to me for, which I agreed. I met up with him and he said he'll be in touch soon.

When he contacted me a few days later, I gave him his money and he told me I was "straight" that he'll get it MM to me on paper. I never heard from him again and since nobody bothered MM or threatened me, I didn't pursue it.

At the time that Rios contacted me I was employed at Starbrost and wasn't selling drugs nor was I an active gang member.

MM

4

I was also clean from drugs with a little social exception of Marijuana.

Had Julian "Tuna" Ross never approached and threatened me, I wouldn't of been selling drugs.

DATED AT GREENFIELD AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS NINTH DAY OF AUGUST, 2006.

Michael Maciero

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                    DOCKET NO. 05-30038

vs.

DAVID RUIZ,
            DEFENDANT

**AFFIDAVIT**

1.    I am the Defendant in the above captioned matter.  I have reviewed the discovery in
this case with my attorney, and I am aware that the Government's cooperating witness is
Julian Rios. Julian Rios is a blood relative of mine, He is the son of Luis Rios, who was
my mother, Gladys Ruiz's brother.   Julian Rios is my first cousin and I have known him
all of my life.

2.    I joined the Latin Kings in the winter of 1996.   At that time, Julian Rios was a
senior member of the local chapter, and he sponsored my entry into the Latin Kings.
Because he sponsored my entry to the gang, he would also be responsible for my
termination, if and when I or the gang decided to end my involvement with the Kings.
As a condition of my entry, Julian Rios ordered me to assault another inmate, while I was
being held at the Hampden County House of Correction.   At that time both Julian Rios
and myself were being held at the Hampden County House of Correction.  Additionally, I
was subjected to a beating, which was ordered by Julian Rios (a/k/a King Tuna) and
Alexander Rivera (a/k/a C-Rock).  I was them formally admitted as a member of the Latin
Kings.

3.    In September, 2004, Julian Rios approached me and ordered me to assist him in a
"mission" in Northampton.  This would have required that I participate in a drive by
shooting.  I refused to involve myself in that matter.  Julian Rios was upset that I would

not follow orders, and stated that I "was not down with the kings". It is a this point in time that I began to consider leaving the Latin Kings. Julian Rios wanted me terminated for disobeying his order regarding the "mission".

4.  In October, 2004, a meeting of the local Latin Kings chapter was held, with Julian Rios presiding as the senior King present. At this meeting, I formally requested that I be terminated from the Latin Kings.   Julian Rios agreed with my request to terminate my involvement with the Kings, and told those present that I had refused to follow an order to go on a "mission".   As a result of my request to terminate, I was subjected to a beating for approximately three to five minutes. During this "beatdown", I was struck on the head with an empty 40 oz. beer bottle.   Additionally, I was also stabbed five times, once for each point on the Latin King crown. Prior to the beating, I was offered one last opportunity to go on a mission involving another Latin King member, once again I refused to participate.

5.  Termination from the Latin Kings ordinarily involves the death of the individual. In my case, it was decided that the "beatdown" and stabbing was sufficient. At this point I formally requested that I be allowed to go to Florida with my family to begin a new life. This would have involved the granting of "Golden Gates". This would be an order of termination from the Latin Kings and safe conduct for me and my family, out of Massachusetts. Julian Rios told me he would grant the 'Golden Gates", if I agreed to introduce him to a narcotics supplier, so he could reestablish his source of supply and get back in business.   I was told that my termination from the Latin Kings would not be final until this matter was straightened out.

6.  Julian Rios started pressuring me to make an introduction to a source of narcotics.  In October, 2004, Julian Rios reminded me yet again that my termination from the Latin Kings was not complete, and could not be finalized until this introduction was made.

I understood this to mean that I would not be granted the "Golden Gates", which would have allowed me to safely move from Massachusetts, with my family.

7. In November, 2004, introductions were made, Julian Rios and Julio Marin spoke to one another regarding the purchase of narcotics. Julian Rios wanted the purchase to be made through me, as he didn't trust Julio Marin. Again, Julian Rios reminded me that my termination from the kings was not yet complete, and that the "Golden Gates" would be granted once the deal was completed. On 9 November, 2004, I obtained the requested amount of drugs for Julian Rios. I was later told by Julian Rios that I had been formally terminated from the Kings, that "Golden Gates" had been granted, and that I was now free to move to Florida with my family.

8. In December, 2004, I began to make preparations to move to Florida with my family. In February, 2005, I moved to Florida with my family. In May, 2005, after completing technical training, I obtained employment with Fiber Optic Solutions Networking, Ft. Meyers, Florida. I was arrested at my place of employment on a warrant. Until my arrest in Florida on this matter, I thought I had turned my life around and my involvement with the Latin Kings was over.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

DATED: 16 March, 2006                    THE DEFENDANT,


David Ruiz



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

February 9, 2006

Harry Miles, Esq.
77 Pleasant Street
Northampton, MA 01061

Re: <u>United States v. Michael Marrero</u>
    Criminal No. 05-30047-MAP

Dear Attorney Miles:

Please consider this letter a response Chief Magistrate
Judge Kenneth P. Neiman's order issued on February 2, 2006.

Enclosed please find the internal Drug Enforcement
Administration's ("DEA") chain of custody documentation,
specifically, the DEA *Evidence Accountability Record* (Form DEA-
307; one page; agency case # 245-BS-91441).

Please be advised that the government maintains that the
Defendant, on January 26, 2005, provided two bags of cocaine base
in the form of crack cocaine to the cooperating witness. The FBI
agents who investigated the Defendant did not combine the
contents of the two bags. Instead, the agents submitted the two
bags to the DEA's Northeastern Regional Laboratory as Exhibit 92.

1

DEA Analyst Florence Wong examined the two bags individually before combining them and examining the composite sample with a mass spectrometer. The tests that Wong performed on each bag separately and on the composite sample are summarized on the Forensic Chemist Worksheet Form DEA-86. This document has previously been provided to you. I have enclosed another copy to assist the below description concerning Wong's examination of the Exhibit #92.

Wong first weighed each of the bags of the suspected crack cocaine individually, and then subtracted the weight of the plastic bag holding the respective samples. This calculation is evident in the upper right hand corner of the reverse side of the worksheet Form DEA-86. For instance, one of the bags, sample #1, displayed a gross weight of 6.61 grams, and a net weight of 6.17 grams.

After weighing the substances Wong performed three series of tests for each substance before she combined samples of each substance. First, Wong performed a series of "qualitative" tests by adding five substances to a small sample from each of the two bags. The substance and the resulting reactions are documented under the heading of "Qualitative." For instance, Wong added Bromophenol to a sample from each bag. The resulting reaction between the sample and the Bromophenol was that the substance turned blue. This series of reactions led Wong to conclude that

2

the substances contained in each of the sample bags consisted of
cocaine base.

After performing the "qualitative" tests, Wong performed a
microscopic exam of a sample from each bag.  Wong added acidic
acid to a sample of evidence from each of the two bags and formed
the opinion that each bag contained cocaine base.  These findings
are contained on the right hand column of the reverse side of
Form DEA-86, under the word "Microscope."  Wong also added
reagents to the samples and observed the reactions.  The samples
reacted in such a way that Wong concluded the substance in each
sample bag was cocaine base.

Wong next screened a sample from each bag with an inferred
spectroscopy.  Her findings are contained under the hand-written
heading "IR."  The word "Direct" means that Wong tested the
substance "as is," or that she did not add anything to the
samples before examining them with the inferred spectroscopy.
Wong concluded that each bag contained cocaine base based on this
examination.

After conducting these three evidence sampling procedures,
Wong combined a small amount from each sample to form a composite
sample.  Wong then examined the composite with a mass
spectrometer.  The test concluded that the substance was cocaine
base, 81% purity.  This finding is reflected on the Form DEA-86,
under the heading "Quantitation."

3

Please call me at (413)785-0106 if you have questions.

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Paul Hart Smyth

Paul Hart Smyth
Assistant U.S. Attorney

cc:  Ms. Bethany Healy
     Clerk to the Honorable Chief Magistrate Kenneth P. Neiman
     (w/o enclosure(s))

U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION

# FORENSIC CHEMIST WORKSHEET

Page  *1*  of  *1*

| RECEIVED | | 3. SEALS | 4. FILE NO./EXHIBIT NO./LAB NO. |
|---|---|---|---|
| 1. FROM D. MICHEAL | 2. DATE 3-4-05 | ☒ Intact ☐ Broken ☐ None | 245D-BS-91441 / 92 / 170418 |

**5. DESCRIPTION OF EVIDENCE**

A FBI plastic evidence envelope containing beige hard chunks in 2 clean plastic bags each bag tied w/a knot

**6. SUMMARY OF FINDINGS**

Exhibit # 92 contains cocaine base

Gross Wt.      35.2   grams

Net Wt.         9.7    grams

| 7. EXH. NO. | 8. LAB. NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. AMT. OF PURE DRUG | 12. RESERVE |
|---|---|---|---|---|---|
| 92 | 170418 | Cocaine base | 81 % | 7.8 grams | 9.1 grams |
| | | | | | |
| | | | | | |

**13. RESERVE EVIDENCE**

Reserve into a lab whirl-pak then into a lab plastic bag

| 14. FORENSIC CHEMIST'S SIGNATURE Florence Wong | 15. DATE REPORTED 3-10-05 | 16. REVIEWED BY (Initials) & DATE  3/11/05 |
|---|---|---|

**17. REMARKS**

9041 Looo

---

FORM DEA-86 (6-00) *Previous editions are obsolete.*

Electronic Version Designed in Jetform 5.2 Version

| Agency: FEDERAL BUREAU OF INVEST. | Agency Case Number: | Laboratory Number: |
|---|---|---|
| | 345-B5-91441 | 17041B |

| Description: HSEE ☒ Box ☐ | Received From: | Date Accepted: | Accepted By: |
|---|---|---|---|
| Other SEALED ENVELOPE HSEE | 02/22/2005 | 02/22/2005 | MDB |

| Storage Location: | | | | Exhibit: 0000092 | Special Request: |
|---|---|---|---|---|---|
| 1. 2. 25 | 3. | 4. | | | Rush ☐ FP ☐ NIDA ☐ Purchase ☐ |
| 5. | 6. | 7. | 8. | Suspected Drug: CRACK | HSP ☐ SDP ☐ ChemCon ☐ BioHazard ☐ |
| | | | | | Bulk ☐ Logo ☐ Other ☐ |

| DRUG EVIDENCE | | | | | | FINGERPRINT EVIDENCE | | |
|---|---|---|---|---|---|---|---|---|
| DATE | TO | FROM | DATE | TO | FROM | DATE | TO | FROM |
| 3-4-05 | JW | OM | | | | | | |
| 3-10-05 | OM | JW | | | | | | |
| 3 18 05 | RR 6677 935672 US | OM | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

COMMENTS

☐ BULK DESTRUCTION          DATE
☐ TOTAL DESTRUCTION          DATE
☐ TRANSFERRED                DATE

FORM DEA-307 (4-01) Previous edition are obsolete
Electronic Form Version Designed in JetForm 5.2 Version

**EVIDENCE ACCOUNTABILITY RECORD**

# David M. Benjamin, Ph.D.

77 Florence Street
Suite 107N
Chestnut Hill, Mass. 02467-1918

Telephone (617) 969-1393
Facsimile (617) 969-4285
E-mail: medlaw@channel1.com

DAVID M. BENJAMIN, PH.D.
CLINICAL PHARMACOLOGIST & TOXICOLOGIST

New Email: medlaw@doctorbenjamin.com

March 20, 2006

Harry Miles, Esq.
77 Pleasant Street
Northampton, MA  01061

Re: US vs. Michael Marrero

Dear Attorney Miles:

I have reviewed the DEA Evidence Accountability Record and the data contained on the DEA Forensic Chemist Worksheet (Form DEA-86), sides one and two, which you forwarded to me Thursday, March 16, 2006.

I have the following comments regarding the laboratory testing that was conducted:

1.  Under Qualitative, there are no notes stating that each bag of evidence was tested independently.  The report merely states "Screened 2 bags by chemical tests, microscope & IR.  Combined and ground."  Results of each test listed below should have been listed for Bag 1 and Bag 2 separately.

Regarding each of the "screening tests" conducted:

CoSCN, plus acid, is a cobalt thiocyanate test for cocaine.  A blue color is generally considered a "presumptive positive" for the presence of cocaine.  The need to add acid converts a free base form of cocaine to cocaine salt (HCl or hydrochloride) which then becomes soluble and reacts with the cobalt thiocyanate to produce a blue color.
The results do not indicate if the blue color formed upon the initial addition of the cobalt thiocyanate reagent, which would indicate a salt form.  I can only infer that it was necessary to add "acid" in order to obtain the presumptive positive, but it is not stated explicitly.

Bromophenol, can yield a blue color indicative of a "presumptive positive" for cocaine.

Furfural produced no reaction.  I do not know the significance of this test result.

Harry Miles, Esq.
Page 2

$H_2O$ is chemical "short-hand" for water. This test indicates that some portion of the tested material was insoluble in water. This could be an excipient or impurity in the sample and have nothing to do with cocaine, free base or otherwise. These results do nothing to elucidate the chemical composition of the tested material, i.e., it does not demonstrate either cocaine salt or a free base form to be present, only that some portion of the tested material was not soluble in water.

$AgNO_3$ is chemical "short-hand" for silver nitrate and $HNO_3$ is chemical "short-hand" for nitric acid. Silver nitrate (in nitric acid) is used as a qualitative test for the presence of the chloride anion, as would be found in cocaine salt (HCl or hydrochloride). The lack of formation of a white precipitate shows the absence of the chloride anion ($Cl^-$).

Microscope:

$H_2PtCl_6$ is chemical "short-hand" for chloroplatinic acid which is supposed to form small plate-like microcrystals with cocaine, which can be visualized under a microscope for identification. This test is not specific for cocaine base.

All of the above-mentioned tests are screening level (i.e., presumptive) tests only and none are sufficiently reliable in themselves or in combination to conclude with reasonable scientific certainty that cocaine HCl or cocaine free base are present.

Moreover, since there is no specific statement of the results of each "bag" tested, my ability to offer greater insight into the results of the above-tests is confounded by a lack of scientific data.

IR or Infra-Red Spectroscopy:

The analyst states that IR testing demonstrated the presence of "cocaine base", but the actual IR spectra have not been attached. Without copies of the actual IR spectra tracings, I cannot confirm or refute the interpretation of the presented testing. Moreover, I need to see individual IR spectra for each "bag" of evidence that was tested.

Gas Chromatography-Mass Spectrometry (GCMS):

The GCMS analysis can determine the presence of cocaine qualitatively and quantitatively, but it cannot differentiate the free base forms of cocaine from the salt (i.e., hydrochloride) because only the water-insoluble forms of cocaine (i.e., the free base forms) can be dissolved in the organic solvents that are used as a solvent for GCMS analyses.

Harry Miles, Esq.
Page 3


Therefore, I conclude with reasonable scientific certainty that the results of analytical testing supplied by the DEA in this case are not sufficient for me to determine if the free base form of cocaine was present or not and that I would have to receive copies of the IR spectra for both bag 1 and bag 2 in order to determine if cocaine free base was present in the analyzed samples.

Please ask the government to supply copies of the IR spectra that were run on each of the two individual samples of evidence that are the subject of this investigation and forward them to me for review. I will then be in a better position to determine if the analyzed samples contained cocaine base or not.

Sincerely,

David M. Benjamin, Ph.D.
Clinical Pharmacologist and
Forensic Toxicologist



FILE NO. 245D-BS-91441 EXHIBIT NO. 92 LAB NO. 170418

JW

GROSS WEIGHT: 35.2 grams DEA 294050

DATE OPENED: 3-4-05

NET WEIGHT:

9.79 grams DEA 294056

① 6.61 grams − 0.44 grams = 6.17 grams

② 3.86 grams − 0.24 grams = 3.62 grams

9.79 grams Net Weight

EVIDENCE SAMPLING PROCEDURES:

Screened 2 bags by chemical tests, microscope + IR. Combined + ground.

QUALITATIVE:

| | |
|---|---|
| CoSCN, acid | blue |
| Bromophenol | blue |
| Furfural | no rxn |
| $H_2O$ | insol |
| $AgNO_3$ $HNO_3$ | no rxn |

Microscope:

30% HOAc dissolves

$H_2PtCl_6$ pale yell feathers

TLTA, acid tufts

IR: Direct ATR

Results: Cocaine base for ① and ②

Background - good

MSD: general M.

MEOH + $CHCl_3$

Results: Cocaine - Composite of 2 bags

Cocaine artifacts

Blank - no peaks

QUANTITATION:

METHOD #: GC: Coc 30M

STANDARD: Coc HCl Std # 36 B

DATE PREPARED: 458.3 mg/250 mls 2-1-05

SAMPLE:

40.4144 grams vol flask + sample
− 40.3121 " " "
.1023 grams → 50 mls DEA 294056
10 mls IS Eicosane 81%

.81 × 9.7 grams = 7.8 grams

RESERVE WEIGHT:

10.40 grams
− 1.26 " lab whirl-pak
9.14 grams DEA 294056

SPECIAL PROGRAMS: N/A

GROSS WEIGHT AFTER ANALYSIS:

56.0 grams DEA 294050

DATE SEALED: 3-8-05

FORM DEA-86 (6-00) Reverse

*U.S. Government Printing Office: 2002 — 491-387/52008

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (413) 785-0235
Facsimile:      (413) 785-0394

*Federal Building and Courthouse*
*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

January 4, 200**5**

Harry Miles, Esq.
Green, Miles, Lipton, White & Fitx-Gibbon
77 Pleasant Street
Northampton, MA 01060

          Re:  United States v. Michael Marrero
               Docket No. 05cr30047

Dear Attorney Miles:

     Please be advised the FBI purchased a 1991 Honda Accord, in
September 2004, for Julian Rios to use during his period of
cooperation with the FBI.  The car cost $2,400.00.  Rios sold the
car in June 2005.

     With respect to Rios's open criminal case, please be advised
that the FBI advised Rios of the following:

     The FBI on its own cannot promise or agree to any
     consideration by a Federal Prosecutor's Office or a Court in
     exchange for your cooperation, since the decision to confer
     any such benefit lies within the exclusive discretion of the
     Federal Prosecutor's Office and the Court.  However, the FBI
     will consider (but not necessarily act upon) a request by
     you to advise the appropriate Federal Prosecutor's Office or
     Court of the nature and extent of your assistance to the
     FBI.

     Enclosed please find documents (001 - 059) relating to the
promises, rewards, or inducements made to the cooperating witness

January 4, 2005
Page 2

in the above captioned case.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                         By:    _____
                                    PAUL H. SMYTH
                                    Assistant U.S. Attorney

Enc.

473 (Rev. 7-18-88)

10/1/04
(Date)

Springfield, MA
(Location)

I, Julian Rios _____ ,
(Name)

208 Belmont St. Springfield MA _____ ,
(Address)

hereby authorize Mark Karswskis _____

Andrew Litowitz _____ , Special Agents of the

Federal Bureau of Investigation, United States Department of Justice, to place a

☒ Body Recorder _____ on my person for the purpose of recording any conversations

☒ Transmitter

with Michael Cecchetelli _____
(Name of Subject(s))

which I may have on or about 10/1/04 _____
(Date)

I have given this written permission to the above-named Special
Agents voluntarily and without threats or promises of any kind understand
that I must be a party to any conversation in order to record that conversation.
I therefore agree not to leave the recording equipment un-attended or take
any other action which is likely to result in the recording of conversations
to which I am not a party.

Julian Rios
(Signature)

Witnesses:

S. Mewski

SA And. Lin.

001

FBI/DC

D-472 (Rev. 1-9-92)

<u>10/1/04</u>
(Date)

<u>Springfield, MA</u>
(Location)

of

I, <u>Julian Rios</u>
(Name)

, hereby

<u>208 Belmont St, Springfield, MA</u>
(Address)

authorize Special Agents <u>Mark Karangekis</u>    and

<u>Andrew Litowite</u>    , of the Federal Bureau of
Investigation, United States Department of Justice, to:

☒ install a recording device on any telephone utilized by me for the
purpose of recording any telephone conversation(s) I may have with

<u>Michael Cecchetelli</u>    and others as yet unknown
(Name of Subject(s))

on or about <u>10/1/04</u>    and continuing thereafter.
(Date)

I understand that I must be a party to any conversation in order to
record that conversation. I therefore agree not to leave the recording
equipment unattended or take any action which is likely to result in the
recording of conversations to which I am not a party.

and/or to:

☒ install a Trap and Trace device in conjunction with the
appropriate provider(s) of electronic or wire communications
service and/or long distance carrier for the purpose of
identifying telephone numbers from which incoming calls are
placed to telephone number _____
located at _____
which is used by me.

I have given this written permission to the above-named Special Agents
voluntarily, and without threats or promises of any kind.

<u>Julian Rios</u>
(Signature)

Witnessess:

<u>SA Mark K</u>

<u>SA Andr Lui</u>

002

FBI/DOJ

FD-473a (6-15-92)

_10/1/04_
(Date)

_Springfield, MA_
(Location)

I, _Julia. Rios_
(Name)

_208 Belmont ST, Springfield MA_
(Address)

hereby authorize _Mark Karangekis_ and

_Andrew Litowitz_ , Special Agents of the

Federal Bureau of Investigation, United States Department of Justice, to utilize

Closed Circuit Television (CCTV) video equipment in premises located at

_in a Vehicle occupied by me_
(Address)

to view _Occupant Compartment of Vehicle_
(Describe area to be viewed (i.e. residence kitchen area; restaurant rear table etc.)

for the purpose of viewing and/or video recording any activity I may have

with _Michael Cecchetelli_
Name of Subject(s)

and others as yet unknown on or about _10/1/04_ and continuing
(Date)
thereafter.

I have given this written permission to the above-named Special
Agents voluntarily, and without threats or promises of any kind.

_Julia Rios_
(Signature)

Witnesses:

_SA _____

_SA _____

003

FD-794 (Rev. 2-8-96)

**1.** Classification

| | |
|---|---|
| (AD) Central OCDETF Case | (OF) Asset |
| (AF) FCI Case | (DC) Group II UCO |
| (BC) Informant/CW | (DD) OCDETF Group II |
| (BD) Informant/CW Providing Drug info. | (E) Group I |
| | (F) FCI UCO |

| | |
|---|---|
| (GA) OPS |
| (GB) OPS |
| (GC) Air Operation |
| (H) SSG |
| (J) FCI Lookout |

**Draft Request**

**2.** Date: 1 0 , 0 4 , 0 4

**3.** Request for: ( X ) Advance ( X ) Expense

**4.** Social Security No: 6 4 6 7 2 6 1 1 5

**5.** Payee Name: MARK KARANGEKIS

**6.** File No: 2 7 0 M B 5

**16.** | Cat | Item No | **7.** Description 270M BS-91441 | **8.** Amount |
|---|---|---|---|
| 01 | | | |
| 02 | | Monthly living expenses  # 1200 00 | |
| 03 | | | |
| 04 | BS | 23003 | rent  # 800 00 |
| 05 | BS | 23003 | utilities # 200 00 |
| 06 | BS | 23003 | gas  # 200 00 |
| 07 | | | 1200 00 |

**9.** Total $ 1200 00

**10.** Justification: See attached EC

Asset/Informant File No. 270M BS-91384    Symbol No. ▬▬▬▬

Payment/Code Name    Period Covered 10/1/04 to 11/1/04

One Time Non-symbol Source Payment:

True Name: _____    DOB: __/__/__   SSAN: _____

Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? ✓ Yes ____ No

**12.** Requested by: Karangekis

**13.** Telephone No: 617/742-5533

**14.** Approval

| | | Date |
|---|---|---|
| Supervisor Initials: | R. H. | 10/4/04 |
| SAC / ASAC / AO / SAS Approval: | | 10/7/04 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | | 10/8/04 |
| Procurement Authorization: | No. | |

**15.** Vendor No.    Group No. A1    **17** Obligation No. 160 761

**18.** Cost Center    **19.** Squad/RA: LA5X8V    **20.** Follow-up Date:

**21.** Document No.  05 286 005    **22.** CONF ____ COMM

**23.** Draft No. 82410    **24.** Date: 10/12/04    **25.** Cashier:

**26.** Settlement of Advance:
Prior month Advance Balance: $
This Advance: $ 1200 00
Less: Receipts: $ 1200.00
Funds Returned and/ or Cash on Hand: $
Amount to be Reimbursed: $

**27.** Document No. FFXPB 05 292 911

**28.** Draft No:    **29.** Date: 10-18-04    **30.** Cashier: CVM

*Shaded areas for draft office use only*

Classification: _____
Classified By: _____
Declassify on: _____

004

**Yellow Copy** - Draft Request File

Received from _SA MARK KARANGEKIS_ the total amount of $ ___0___ for services rendered

and/or $ _1200.00_ for expenses

for the period from _10/ 1/ 04_ to _11/ 1/ 04_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_Starkist_
Code Name (signature)

_STARKIST_
Code Name ( type or print)

_[signature]_
Paying Agent    ( signature)

_MARK S. KARANGEKIS_
Paying Agent    ( type or print )

_Frank Ott_
Witnessing Law Enforcement Official
       ( signature)

_FRANK OTT_
Witnessing Law Enforcement Official
       ( type or print )

-------------------------------------------------------------------
                        **For Official Use Only**
-------------------------------------------------------------------

005

270M-BS-94387-M-4

FD-794 (Rev. 2-8-96)

**1. Classification**

| | | | | |
|---|---|---|---|---|
| (AD) Crim. CDETF Case | | (OF) Asset | (GA) | (GB) OPS |
| (AD) Crimi... CDETF Case | | (DC) Group II UCO | | (GC) Air Operation |
| (AF) FCI Case | | (DD) OCDETF Group II | | (H) SSG |
| (BC) Informant/CW | | (E) Group I | | (J) FCI Lookout |
| (BD) Informant/CW Providing Drug info. | | (F) FCI UCO | | |

| | | |
|---|---|---|
| **Draft Request** | **2. Date** | 1 1 / 0 2 / 0 4 |
| **3.** Request for: ( A ) Advance    (X ) Expense | **4.** Social Security No: | 0 4 6 7 2 6 1 1 5 |
| **5.** Payee Name: MARK S. KARANGEKIS | **6.** File No: | 7 7 6 M B 5 9 4 3 8 7 M |

| 16. Cat | Item No | 7. Description  245D·BS·914411 | 8. Amount |
|---|---|---|---|
| 01 BS | 254102 | Rent | 800.00 |
| 02 BS | 254901 | Rent, Utilities  Gas Utilities | 1200⁰⁰  200.00 |
| 03 BS | 255401 | Gas | 200 00 |
| 04 BD | 36001 | Services Rendered | 2400⁰⁰ |
| 05 | | | |
| 06 | | | |
| 07 | | | |

**9.** Total $ 3600⁰⁰

**10.** Justification: See attached 2C

Asset/Informant File No. 270M-BS- 94387-M                Symbol No ▓▓▓▓▓

Payment/Code Name  Storkist                Period Covered 11/1/04 to 13/1/04

One Time Non-symbol Source Payment:

True Name: _____                DOB: __/__/__        SSAN: _____

Date of Waiver: ___/___/___

**11.** Payment for reimbursable expense - forfeiture or drug related? ____ Yes ____ No

**12.** Requested by: SA MARK S KARANGEKIS    **13.** Telephone No: 617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | M | 11/3/04 |
| SAC / ASAC / DAO / SAS Approval: | | 11/3/04 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Steven MacDonald | 11/5/04 |
| Procurement Authorization: | No. | |

| 15. Vendor No. | | Group No. A1 | 17 Obligation No. 165845 |
|---|---|---|---|
| 18. Cost Center: | 19. Squad/RA: | 20. Follow-up Date: |
| 21. Document No. | | 22. CONF COMM |
| 23. Draft No. 82596 | 24. Date: 11/9/04 | 25. Cashier: |

| 26. Settlement of Advance: | |
|---|---|
| Prior month Advance Balance: $ | |
| This Advance: $ 3600.00 | |
| Less: Receipts: $ 3600.00 | |
| Funds Returned and/ or Cash on Hand: $ | |
| Amount to be Reimbursed: $ | 11/15/04 |

| 27. Document No. F E X P B S 0 5 3 3 5 0 0 3 |
|---|
| 28. Draft No. | 29. Date: 11/30/04 | 30. Cashier: |

**Shaded areas for draft office use only**

Classification: _____

Classified By: _____              006

Declassify on: _____

**Yellow Copy** - Draft Request File

DATE: 11/15/04

Received from _Litowitz_ the total amount of $ 2400 for **Services** rendered
**and/or** $ 1206⁰⁰ for **Expenses**

For the period **from** 11 /01 / 04 **to** 12 /01 / 04.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name (signature)

_StarKist_
Code Name (type or print)

_SP Andy T. Lieson_
Paying Agent (signature)

_SA Andrew E. Litowitz_
Paying Agent (type or print)

_SFO Frank Ott_
Witnessing Law Enforcement Official
(signature)

_SFO FRANK OTT_
Witnessing Law Enforcement Official
(type or print)

---
**For Official Use Only**
---

BS - 9416 - CW - VG

007

DATE _11/29/04_

THIS IS TO CERTIFY THAT I RECEIVED FROM _MARK KARANGEKIS_.
THE TOTAL AMOUNT OF $_3600.00_ FOR PAYMENT TO _270M-BS-94387_ _"STAR KIST"_
FOR _SERVICES & EXPENSES_ _11/1-12/1/04_ AND NO OTHER RECEIPTS ARE
AVAILABLE.

SIGNATURE

_SA Amber E. Liacos_

008

270M-BS-94387-M-8

D-79a (Rev.) 1. Classification

| | (AC) Crimin | | (CF) Asset | | (GA) SOG |
|---|---|---|---|---|---|
| | (AD) Criminal OCDETF Case | | (DC) Group II UCO | | (GB) OPS |
| | (AF) FCI Case | | (DD) OCDETF Group II | | (GC) Air Operation |
| | (BC) Informant/CW | | (E) Group I | | (H) SSG |
| | (BD) Informant/CW Providing Drug info. | | (F) FCI UCO | | (J) FCI Lookout |

**Draft Request** : (✓) | **2. Date** 12/6/04

| 3. Request for: | (N) Advance ( ✓ ) Expense | 4. Social Security No: 046 72 61 15 |
|---|---|---|

| 5. Payee Name: MARK KARANGEKIS | 6. File No: 270MBS9 438 7M |
|---|---|

| 16. | Cat | Item No | 7. | Description | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | | | RENT/UTILITIES/GAS | | | |
| 03 | BD | 254102 | Rent — 800 | | 1200 00 | |
| 04 | BD | 254901 | Utilites — 200 | | | |
| 05 | BD | 255401 | Gas — 200 | | | |
| 06 | | | | | | |
| 07 | | | CASE # 245D-BS-94441 | | | |

**9. Total $** 1200.00

**10. Justification:** See attached EC

Asset/Informant File No. 200M-BS-94387    Symbol No. ▬▬▬▬▬

Payment/Code Name Starkist    Period Covered 12/1/04 to 1/1/05

One Time Non-symbol Source Payment:

True Name: _____ DOB: __/__/__ SSAN: _____

Date of Waiver: __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** ✓ Yes ___ No

| 12. Requested by: | 13. Telephone No: 617/740-5533 |
|---|---|

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: MCR/MAR | | 12/1/04 |
| SAC / ASAC / AO / SAS Approval: | | |
| Supply Technician Approval: | | |
| Draft Approval Officer: | | 12/1/04 |
| Procurement Authorization: | No. | |

| 15. Vendor No. 270MBS094387 | Group No. A | 17. Obligation No. 768172 |
|---|---|---|

| 18. Cost Center 3090 | 19. Squad/RA: 2580 | 20. Follow-up Date: 12 31 04 |
|---|---|---|

| 21. Document No. FADVBS05 336 003 | 22. CONF X COMM |
|---|---|

| 23. Draft No: 82684 | 24. Date: 12/1/04 | 25. Cashier: |
|---|---|---|

| 26. Settlement of Advance: Prior month Advance Balance $ 1200.00 |
|---|
| This Advance: $ 1200.00 |
| Less: Receipts: $ |
| Funds Returned and/or Cash on Hand: $ |
| Amount to be Reimbursed: $ |

| 27. Document No. FAEXPBS05151 1314 1 1004 |
|---|

| 28. Draft No: | 29. Date: 12/6/04 | 30. Cashier: |
|---|---|---|

*Shaded areas for draft office use only*

Classification: _____

Classified By: _____

009

Declassify on: _____

**Yellow Copy** - Draft Request File

DATE: 12/2/04

Received from SA MARK KARANGEKIS the total amount of $ 0 for **Services** rendered **and/or** $ 1200.00 for **Expenses**

For the period from 12 / 1 / 04 to 1 / 1 / 05.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

S. TarKist
Code Name  (signature)

STARKIST
Code Name (type or print)

Paying Agent (signature)

MARK S. KARANGEKIS
Paying Agent (type or print)

Frank Ott
Witnessing Law Enforcement Official
(signature)

FRANK OTT
Witnessing Law Enforcement Official
(type or print)

010

------------------------------------------------------------
For Official Use Only
------------------------------------------------------------

94/6-CW-VG
270M-BS-94387-M-14

FD-704 (Rev. 2-9-95)

| | Classification |
|---|---|
| (AC) Criminal Case | (CF) Asset |
| (AC) Criminal OCDETF Case | (DC) Group II UCO |
| (AF) FCI Case | (DD) OCDETF Group II |
| (BC) Informant/CW | (E) Group I |
| (BD) Informant/CW Providing Drug info. | (F) FCI UCO |

| | |
|---|---|
| (GA) SOG |
| (GB) OPS |
| (GC) Air Operation |
| (H) SSG |
| (J) FCI Lookout |

**Draft Request**

2. Date  12 / 21 / 04

3. Request for:  (✓) Advance  (X) Expense     4. Social Security No: 0 4 6 7 2 6 1 1 5

5. Payee Name: Mark Karangekis     6. File No: 270-MBS-94387M

Description: 245D-BS-41441

| 16. | Cat | Item No | 7. | Description | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | #1200⁰⁰ RENT/UTILITIES | | |
| 02 | ELL | 354701 | Rent | | 1200⁰⁰ | 1000.00 |
| 03 | LL | 354901 | Utilities | | | 200.00 |
| 04 | | | | 800⁰⁰ Services | | |
| 05 | LL | 356001 | | | 800 ⁰⁰ | |
| 06 | | | | | | |
| 07 | | | | | | |

9. Total $ 2000⁰⁰

10. Justification: See attached EC

Asset/Informant File No. 270M-BS-94387     Symbol No. ▓▓▓▓▓
Payment/Code Name Starkist     Period Covered 1/1/04 to 2/1/05
One Time Non-symbol Source Payment:
True Name: _____  DOB: __/__/__  SSAN: _____
Date of Waiver: __/__/__

11. Payment for reimbursable expense - forfeiture or drug related?  ☒ Yes  ✓ No

12. Requested by: [signature]     13. Telephone No: 617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | [signature] | 12/27/04 |
| SAC / ASAC / AO / SAS Approval: | [signature] | 12/27/04 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Susan MacDonald | 12/23/04 |
| Procurement Authorization: | No. | |

15. Vendor No. VXN-AS101-94/3/87A     Group No. A1     17. Obligation No. 712681

18. Cost Center: LG101910     19. Squad/RA: 125/142     20. Follow-up Date: 12/28/05

21. Document No. 1VXNAS43 05 3 64 001     22. CONF ✓ COMM

23. Draft No. 82887     24. Date: 12-29-04     25. Cashier: CM

26. Settlement of Advance:
Prior month Advance Balance: $ 2000.00
This Advance: $
Less: Receipts: $ 800.00
Funds Returned and/or Cash on Hand: $
Amount to be Reimbursed: $

27. Document No. FFXP BS 1015 101 9 1 0104

28. Draft No.:     29. Date: 1-19-05     30. Cashier: CM

*Shaded areas for draft office use only*

Yellow Copy - Draft Request File

Classification: _____
Classified By: _____     011
Declassify on: _____

Date: 1/10/05

Received from SA MARK S. KARANGEKIS the total amount of $ 800⁰⁰ _____ for services rendered (and)/or $ 1200⁰⁰ _____ for expenses for the period from 12/1/04 to 1/1/05. All monies received are taxable income and must be reported to the appropriate tax authorities.

_____STARKIST_____
**Code Name (type or print)**

_____Starkist_____
**Code Name (signature)**

_____MARK S KARANGEKIS_____
**Paying Agent**
**(type or print)**

_____[signature]_____
**(Signature)**

_____FRANK OTT_____
**Witnessing Law Enforcement Official**
**(type or print)**

_____Frank G.O._____
**(Signature)**

012

270M-BS-94387-M-19

Date: 1/10/05

Received from __SA ,Mark S. Karansekis__ the amount of $ __800 00__ for

Services rendered and/or $ __1200 00__ for expenses for the period

From __12/ 1 / 05__ to __1 /1. 1/ 05__ .

(The Payee is advised that all monies received, except those representing payments for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

__StarKist__
Code Name (Signature)

__STARKIST__
Code Name (Type or Print)

__Mms/K l__
Paying Agent (Signature)

__Mark S Karansekis__
Paying Agent (Type or Print)

__Frank Ott__
Witnessing Law Enforcement Official
(Signature)

__FRANK OTT__
Witnessing Law Enforcement Official
(Type or Print)

013

------------------------------------------------------------

**For Official Use Only**

------------------------------------------------------------

9416 CN V6

FD-794 (Rev. 2-8-96)

| | (AC) Criminal Case | | (CF) Asset | | (GA) SOG |
| | (AD) Criminal OCDETF Case | | (DC) Group II UCO | | (GB) OPS |
| | (AF) FCI Case | | (DD) OCDETF Group II | | (GC) Air Operation |
| | (BC) Informant/CW | | (E) Group I | | (H) SSG |
| | (BD) Informant/CW Providing Drug Info. | | (F) FCI UCO | | (J) FCI Lookout |

**Draft Request**

**2. Date** 01/20/05

**3. Request for:** ( ) Advance   (✓) Expense

**4. Social Security No:** 046726115

**5. Payee Name:** MARK S. KARANGEKIS

**6. File No:** 270 M BS 94387 M

| 16. | Cat | Item No | 7. | Description 245D-BS-91441 | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | | | Vehicle repairs 12/9/2004 | | 369 45 |
| 03 | (BD) | BS 2-201 | | | | 432.74 |
| 04 | | | Vehicle repairs 12/21/2004 | | 63 29 |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |

**9. Total $** 432 74

**10. Justification:** See attached EC

Asset/Informant File No. 270M BS- 94387        Symbol No. ▓▓▓▓
Payment/Code Name Starkist        Period Covered 12/9/04 to 12/21/04
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** _X_ Yes ____ No

**12. Requested by:** Mark S KA

**13. Telephone No:** 617/742-5533

**14.**        Approval        Date

Supervisor Initials: XGO/RW        1/31/05
SAC / ASAC / AO / SAS Approval: R. Dag        1/31/05
Supply Technician Approval:
Draft Approval Officer: XXX        2/1/05
Procurement Authorization: _____ No. _____

**15. Vendor No.** XXX   **Group No. A1**   **17 Obligation No.** 111998

**18. Cost Center:** BK 1910   **19. Squad/RA:** LA51/B/D   **20. Follow-up Date:** 1/30/3/05

**21. Document No.** VDINAS 05  10 3 21 006   **22. CONF** _X_ **COMM**

**23. Draft No.** 83021   **24. Date:** 2-1-05   **25. Cashier:** CW

**26. Settlement of Advance:** Prior month Advance Balance: $ _____
This Advance: $ 432.74
Less: Receipts: $ 432.74
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed:$ _____

**27. Document No.** FEXPB 05  02 5 002

**28. Draft No:** _____   **29. Date:** 2-4-05   **30. Cashier:** CW

**Shaded areas for draft office use only**        270M-BS- 94387-M-05
Classification: _____
Classified By: _____
**Yellow Copy** - Draft Request File        Declassify on: _____

014

Date: 2/2/05

Received from _SA MARK S. KARANGEKIS_ the total amount of $ ____

____0____ for services rendered and/or $ 432 74 for

expenses for the period from _12_/ _9_ /_04_ to _12_/ _21_/ _04_. All

monies received are taxable income and must be reported

to the appropriate tax authorities.

STARKIST
Code Name (type or print)

_Starkist_
Code Name (signature)

MARK S. KARANGEKIS
Paying Agent
(type or print)

_(signature)_
(Signature)

FRANK OTT
Witnessing Law Enforcement Official
(type or print)

Frank Ott
(Signature)

015

270M- BS-94387-M- 21

| | | 1 Classification | | |
|---|---|---|---|---|
| ☐ (RO) SOG | ☐ (CF) Asset | ☐ (GA) SOG |
| ☐ (AD) Criminal OCDETF Case | ☐ (GB) Group II UCO | ☐ (GB) OPS |
| ☐ (AF) FCI Case | ☐ (DD) OCDETF Group II | ☐ (GC) Air Operation |
| ☐ (BC) Informant/CW | ☐ (E) Group I | ☐ (H) SSG |
| ☐ (BD) Informant/CW Providing Drug info. | ☐ (F) FCI UCO | ☐ (J) FCI Lookout |

**Draft Request** | **2. Date** 0 1 / 2 0 / 0 5

**3. Request for:** ( ) Advance (✓) Expense  **4. Social Security No:** 0 4 6 7 2 6 1 5

**5. Payee Name:** MARKS KARANGEKIS  **6. File No:** 2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. | Description 345D-BS-9/144/ | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | | | Monthly living expenses | | | 1200⁰⁰ |
| 03 | | | | | | |
| 04 | (BD) | 234107 | * Rent 800⁰⁰ | | | 800.00 |
| 05 | (BD) | 234901 | * Utilities 200⁰⁰ | | | 200.00 |
| 06 | (BD) | 235901 | - food 200⁰⁰ | | | 200.00 |
| 07 | | | | | | |

**9. Total $** 1200⁰⁰

**10. Justification:** See attached EC

Asset/Informant File No. 270M-BS-94387M  Symbol No. ▇▇▇▇▇
Payment/Code Name Starkist  Period Covered 2/1/05 to 2/28/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: / / SSAN: _____
Date of Waiver: / /

**11. Payment for reimbursable expense - forfeiture or drug related?** X Yes _____ No

**12. Requested by:** MarkK  **13. Telephone No:** 617/742.5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | ▇▇ RTW Dos Jam | 1/21/05 |
| SAC / ASAC / AO / SAS Approval: | | |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Richard MacDonell | 2/1/05 |
| Procurement Authorization: | No. | |

**15. Vendor No.** ▇▇▇▇▇0 9 4 5 8 / **Group No.** A 1 **17. Obligation No.** 4 7 7 9 7 9

**18. Cost Center** ▇▇ 0 1 9 0 **19. Squad/RA** 4 8 8 0 **20. Follow-up Date:** 0 3 0 3 0 5

**21. Document No.** ▇▇▇▇▇▇ 0 5 / 0 3 2 0 0 5 **22. CONF X COMM**

**23. Draft No:** 83020 **24. Date:** 2-1-05 **25. Cashier:** CM

| 26. Settlement of Advance: | Prior month Advance Balance: $ | |
|---|---|---|
| | This Advance: $ | 1200.00 |
| | Less: Receipts: $ | 200.00 |
| | Funds Returned and/or Cash on Hand: $ | |
| | Amount to be Reimbursed: $ | |

**27. Document No.** F E X P B S K I T 0 3 0 5 0 0

**28. Draft No:** **29. Date:** 2-2-05 **30. Cashier:** CM

**Shaded areas for draft office use only** 16

Classification: _____
Classified By: _____  016
Declassify on: _____

Date: _2/2/05_

Received from _SA MArkS KArANGEKIS_ the total amount of $ ___
_0_ for services rendered and/or $ _1200 00_ for
expenses for the period from _2/1/05_ to _2/28/05_. All
monies received are taxable income and must be reported
to the appropriate tax authorities.

_Starkist_
Code Name (type or print)

_Starkist_
Code Name (signature)

_MArk S. KArANGEKIS_
Paying Agent
(type or print)

_(signature)_
(Signature)

_FRANK OTT_
Witnessing Law Enforcement Official
(type or print)

_Frank OTT_
(Signature)

017

270M-BS-94387-M-26

FD-794 (Rev. 2-7-00)

**1. Classification**

| | |
|---|---|
| (AD) Crim. OCDETF Case | (CC) Asset |
| (AF) FCI Case | (DD) OCDETF Group II UCO |
| (BC) Informant/CW | (E) Group I |
| (BD) Informant/CW Providing Drug info. | (F) FCI UCO |
| (GB) OPS | |
| (GC) Air Operation | |
| (H) SSG | |
| (J) FCI Lookout | |

**Draft Request**

**2. Date** 02/15/05

**3. Request for:** ( ) Advance ( ✓ ) Expense

**4. Social Security No:** 046726115

**5. Payee Name:** MARKS KARNAZEKIS

**6. File No:** 270M8594387

| 16. | Cat | Item No | 7. Description 2450-85-91441 | 8. Amount |
|---|---|---|---|---|
| 01 | | | # | |
| 02 | BD | 254/102 | 1200 monthly living expenses - lodging | 2200.00 |
| 03 | BD | 253/101 | food | 150.00 |
| 04 | BD | 255/101 | # gas | 150.00 |
| 05 | | | 1300°° mont moving expenses for relocation | |
| 06 | | | loved ones 2 nights moving | |
| 07 | | | | |
| | | | 2450-85-91441 Spring | |

**9. Total $** 2500 °°

**10. Justification:** Sustain, BEC

**Asset/Informant File No.** 270M-85-94387    **Symbol No.** ▓▓▓▓▓

**Payment/Code Name** SUPERSET    **Period Covered** 3/1/05 **to** 3/31/05

**One Time Non-symbol Source Payment:**

**True Name:** _____ **DOB:** __/__/__ **SSAN:** _____

**Date of Waiver:** __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** ✓ Yes   No

**12. Requested by:** [signature]

**13. Telephone No:** 617/740-5533

**14. Approval**

| | | Date |
|---|---|---|
| Supervisor Initials: | AGO Rtw | 2/18/05 |
| SAC / ASAC / AO / SAS Approval: | K. Benjamin | 2/__/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Susan MacDonald | 2/1/05 |
| Procurement Authorization: | No. | |

**15. Vendor No.** XMXLSVLV13871

**Group No.** AV

**17 Obligation No.** 781205

**18. Cost Center:** 10518

**19. Squad/RA:** 4584

**20. Follow-up Date:** 03205

**21. Document No.** XMDLXLX015 049 102

**22. CONF** X **COMM**

**23. Draft No.** 83127   **24. Date:** 2/18/05   **25. Cashier:** [signature]

**26. Settlement of Advance:** Prior month Advance Balance: $

     This Advance: $ 2500.00

     Less: Receipts: $ 2,500.00

     Funds Returned and/ or Cash on Hand: $

     Amount to be Reimbursed:$

**27. Document No.** FEXPB3015 054 103

**28. Draft No.**   **29. Date:** 2-23-05   **30. Cashier:** CM

*Shaded areas for draft office use only*

Classification: _____
Classified By: _____
Declassify on: _____

018

270M- 85-94387-UX 33

DATE: 2/18/05

Received from _SA MARK KARANGEKIS_ the total amount of **$** _0_ **for Services** rendered **and/or $** _2500 00_ **for Expenses**

For the period **from** _3 / 1 /05_ **to** _3 /31/ 05_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

⑤ _StarKist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)

Paying Agent (signature)

_MARK S. KARANGEKIS_
Paying Agent (type or print)

_Frank Ott_
Witnessing Law Enforcement Official
      (signature)

_FRANK OTT_
Witnessing Law Enforcement Official
      (type or print)

-------------------------------------------------------------------
For Official Use Only                                    019
-------------------------------------------------------------------

9416-CW-V6

270M-BS- 94357-M-29

FD-794 (Rev.

| | 1. Classification | | |
|---|---|---|---|
| (AC) | (CF) Asset | (GA) SOG |
| (AD) Criminal OCDETF Case | (DG) Group II UCO | (GB) OPS |
| (AF) FCI Case | (DD) OCDETF Group II | (GC) Air Operation |
| (BC) Informant/CW | (E) Group I | (H) SSG |
| (BD) Informant/CW Providing Drug info. | (F) FCI UCO | FCI Lookout |

**Draft Request** | 2. Date  0 2 / 2 8 / 05

3. Request for: (✓) Advance   ✗ Expense | 4. Social Security No: 0 4 6 7 2 6 1 1 5

5. Payee Name: Karangeus | 6. File No: 2 7 5 D 2 S 0 9 1 4 4 1

| 16. Cat | Item No | 7. Description | 8. Amount |
|---|---|---|---|
| 01 BC 26001 | | Services rendered | 1200 00 |
| 02 | | | |
| 03 | | | |
| 04 | | | |
| 05 | | | |
| 06 | | | |
| 07 | | | |

9. Total $ 1200 00

10. Justification: See attached EC

Asset/Informant File No. 275M-BS-99387-M          Symbol No. ~~████~~
Payment/Code Name Starley                          Period Covered 2/21/05 to 2/24/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: / / SSAN: _____
Date of Waiver: / /

11. Payment for reimbursable expense - forfeiture or drug related? ____Yes  ✓ No

12. Requested by: _____ | 13. Telephone No: 617/742-5553

14. | Approval | Date
Supervisor Initials: _____
SAC / ASAC / AO / SAS Approval: _____  3/1/05
Supply Technician Approval: _____
Draft Approval Officer: Richard MacDonald  3/3/05
Procurement Authorization: _____ No.

15. Vendor No. 275MBS09143871 Group No. A1 | 17. Obligation No. 783361

18. Cost Center: K3C 910 | 19. Squad/RA: 4580 | 20. Follow-up Date: 04/03/05

21. Document No. KARANGI45 05 062 005 | 22. CONF ✗ COMM

23. Draft No: 83212 | 24. Date: 3/3/05 | 25. Cashier: _____

26. Settlement of Advance: Prior month Advance Balance: $ _____
This Advance: $ 1200.00
Less: Receipts: $ 1200.00
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

27. Document No. F E X P B S 05 067 003

28. Draft No: | 29. Date: 3/8/05 | 30. Cashier: _____

**Shaded areas for draft office use only**

Classification: _____
Classified By: _____
Declassify on: _____

020

Yellow Copy - Draft Request File

275M-BS-99387-M-37

DATE: 3/3/2005

Received from SA MARKS KARANGEKIS the total amount of $ 1200<sup>00</sup> **for Services** rendered

**and/or** $ O **for Expenses**

For the period **from** 2/21/05 **to** 2/24/05.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name  (signature)

STARKIST
Code Name (type or print)

_[signature]_
Paying Agent (signature)

MARK S. KARANGEKIS
Paying Agent (type or print)

_[signature]_
Witnessing Law Enforcement Official
(signature)

Andrew E Litovick
Witnessing Law Enforcement Official
(type or print)

--------------------------------------------------

For Official Use Only

--------------------------------------------------

021

9416-CW-V6
270M-BS-94387-M-34

FD-794 (Rev. 2-7-00)

| | |
|---|---|
| (AC) Criminal Case | (CF) Asset |
| (AD) Criminal OCDETF Case | (DC) Group II UCO |
| (AF) FCI Case | (DD) OCDETF Group II |
| (BC) Informant/CW | (E) Group I |
| (BD) Informant/CW Providing Drug info. | (F) FCI UCO |

| | |
|---|---|
| (GA) SOG |
| (GB) OPS |
| (GC) Air Operation |
| (H) SSG |
| (J) FCI Lookout |

**Draft Request**

**2. Date** 03 | 15 | 05

**3. Request for:** ☑ Advance ☐ Expense

**4. Social Security No.** 046 72 6115

**5. Payee Name:** MARK S. KARANGEKIS

**6. File No:** 270MBS94387M
245D-BS-91441

| 16. | Cat | Item No | 7. | Description | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | BD | 256-201 | 3,000 00 | Rent deposits / Utilities for rental | | 3000.00 |
| 03 | | | | | | |
| 04 | BD | 256-209 | 417 30 | air fare | | 417.30 |
| 05 | BD | 256-208 | 100 00 | long term parking | | 100.00 |
| 06 | BD | 256-201 | 396 00 | hotel | | 396.00 |
| 07 | BD | 256-206 | 161 80 | meals + incidentals | | 161.80 |

**9. Total $** 4075.10

**10. Justification:** See attached

Asset/Informant File No. 270M-BS-94387    Symbol No. ▓▓▓▓
Payment/Code Name Starlit    Period Covered 3/20/05 to 3/23/05
One Time Non-symbol Source Payment:
True Name: _____    DOB: __/__/__    SSAN: _____
Date of Waiver: __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** ☑ Yes ☐ No

**12. Requested by:** Mark S K

**13. Telephone No:** 617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | [initials] | CBAS/05 |
| SAC / ASAC / AO / SAS Approval: | David Snell | by MAP |
| Supply Technician Approval: | | 3/17/05 |
| Draft Approval Officer: | Susan MacDonald | |
| Procurement Authorization: | No. | |

| 15. Vendor No. | 270MBS 0191431817 | Group No. A1 | 17 Obligation No. 785971 |
|---|---|---|---|

**18. Cost Center:** 190 1910   **19. Squad/RA:** 4580   **20. Follow-up Date:** 10/16/05

**21 Document No.** 270MBS AS1076011   **22. CONF** ☑ **COMM**

**23. Draft No.** 83305   **24. Date:** 3-17-05   **25. Cashier:** CM

| 26. Settlement of Advance | Prior month Advance Balance: $ | 4075.10 |
|---|---|---|
| | This Advance: $ | 4075.10 |
| | Less: Receipts: $ | 4075.10 |
| Funds Returned and/ or Cash on Hand: $ | |
| Amount to be Reimbursed:$ | |

**27. Document No.** FBI XP BS 05 0818 006

**28. Draft No:**   **29. Date:** 3/29/05   **30. Cashier:** [signature]

*Shaded areas for draft office use only*

Classification: _____
Classified By: _____
Declassify on: _____

022

270M-BS-____

Date: 3/20/05

Received from SA Mark S. Karangekis the total amount of $ ____

____0____ for services rendered and/or $ 4075 10 for

expenses for the period from 3/20/05 to 3/23/05. All

monies received are taxable income and must be reported

to the appropriate tax authorities.


____STARKIST____
Code Name (type or print)

____Starkist____
Code Name (signature)

____MARK S. KARANGEKIS____
Paying Agent
(type or print)

____[signature]____
(Signature)


____FRANK OTT____
Witnessing Law Enforcement Official
(type or print)

____Frank Ott____
(Signature)

023

270M-BS-94387-M-38

FD-794 (Rev. 2-6-89)

**1. Classification**

| | | | | |
|---|---|---|---|---|
| (AC) | (AE) | (CF) Asset | (GA) SOG |
| (AD) Criminal OCDETF Case | | (DC) Group II UCO | (GB) OPS |
| (AF) FCI Case | | (DD) OCDETF Group II | (GC) Air Operation |
| (BC) Informant/CW | | (E) Group I | (H) SSG |
| (BD) Informant/CW Providing Drug info. | | (F) FCI UCO | (J) FCI Lookout |

| **Draft Request** | **2. Date** 03 25 05 |
|---|---|

| **3. Request for:** (☑ Advance   (X) Expense | **4. Social Security No:** 046 72 6115 |
|---|---|

| **5. Payee Name:** MARKS KARANGEKIS | **6. File No:** 270 MBS 94387 M |
|---|---|

| **16.** | Cat | Item No | **7.** | Description 245D-BS-91441 | **8.** Amount |
|---|---|---|---|---|---|
| 01 | BD | 336201 | Rent | | 1000.00 |
| 02 | BD | 336205 | Rent / UTILITIES / Gas | | ~~200.00~~ 100.00 |
| 03 | BD | 336207 | Gas | | 100.00 |
| 04 | | | | | |
| 05 | | | | | |
| 06 | | | | | |
| 07 | | | | | |

| | **9. Total $** 1200.00 |
|---|---|

**10. Justification:** See attached EC

Asset/Informant File No. 270m BS - 94387    Symbol No. ▮▮▮▮▮▮
Payment/Code Name Starkist    Period Covered 4/1/05 to 4/30/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** X Yes ___ No

| **12. Requested by:** Mark/CL | **13. Telephone No:** 617/742-5533 |
|---|---|

**14.**

| | Approval | Date |
|---|---|---|
| Supervisor Initials: | ~~Mike Small~~ | 3/28/05 |
| SAC / ASAC / AO / SAS Approval: | | 3/30/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Susan MacDonald | 4/1/05 |
| Procurement Authorization: | No. | |

| **15. Vendor No.** XXXX XW 1243 X V | **Group No.** A1 | **17. Obligation No.** 188312 |
|---|---|---|
| **18. Cost Center** X 10 19 10 | **19. Squad/RA:** 125 F 10 | **20. Follow-up Date:** 05 0V 05 |
| **21. Document No.** KVW KBS 05 09 1 004 | | **22. CONF** X **COMM** |
| **23. Draft No.** 83410 | **24. Date:** 4-1-05 | **25. Cashier:** Jm |

| **26. Settlement of Advance:** | Prior month Advance Balance: $ | |
|---|---|---|
| | This Advance: | $ 1200.00 |
| | Less: Receipts: | $ 1200.00 |
| | Funds Returned and/ or Cash on Hand: | $ |
| | Amount to be Reimbursed: | $ |

| **27. Document No.** FEXPBS 05 10 1 003 | | |
|---|---|---|
| **28. Draft No.** | **29. Date:** 4/11/05 | **30. Cashier:** Jm |

**Shaded areas for draft office use only**

Yellow Copy - Draft Request File

Classification: _____
Classified By: _____    024
Declassify on: _____

Date: _4/4/05_

Received from _SA MARK S. KARANGEKIS_ the amount of $____—____ for

Services rendered and/or $ _1200 ⁰⁰_____ for expenses for the period

From _4 / 1 / 05_ to _4 / 30 / 05_.

(The Payee is advised that all monies received, except those representing payments for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_____Starkist_____ ____
Code Name (Signature)

_____STARKIST_____
Code Name (Type or Print)

____[signature]____
Paying Agent (Signature)

____MARK S. KARANGEKIS____
Paying Agent (Type or Print)

____Frank Ott____
Witnessing Law Enforcement Official
(Signature)

____FRANK OTT____
Witnessing Law Enforcement Official
(Type or Print)

------------------------------------------------------------

## For Official Use Only

------------------------------------------------------------

025

270m-BS-94387-M-43

FD-794 (Rev. 2-7-00) Classification: _____

- ☐ (AC) Criminal Case
- ☐ (AD) Criminal OCDETF Case
- ☐ (AF) FCI Case
- ☐ (BC) Informant/CW
- ☐ (BD) Informant/CW Providing Drug info.
- ☐ (CF) Asset
- ☐ (DC) Group II UCO
- ☐ (DD) OCDETF Group II
- ☐ (E) Group I
- ☐ (F) FCI UCO
- ☐ (GA) SOG
- ☐ (GB) OPS
- ☐ (GC) Air Operation
- ☐ (H) SSG
- ☐ (J) FCI Lookout

| Draft Request | 2. Date | 0 4 / 2 5 / 0 5 |
|---|---|---|

3. Request for: ( ) Advance ( ✓ ) Expense    4. Social Security No: 0 4 6 7 2 6 1 1 5

5. Payee Name: MARK S. KARANGEKIS    6. File No: 2 7 0 M B S 9 4 3 8 7

| 16. | Cat | Item No | 7. | Description 245D B509 1441 | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | BD | 256201 | - 5/1/05 - 5/31/05  RENT for relocation site | | | 875 00 |
| 03 | | | | | | |
| 04 | BD | 256201 | - rent for MASS 2 WKS | | | 225 00 |
| 05 | | | | | | |
| 06 | BD | 256206 | - meals and incidentals for month both | | | 900 00 |
| 07 | | | | sites | | | |

| | 9. Total $ | 2000 00 |
|---|---|---|

10. Justification: See attached EC

Asset/Informant File No. 270M-BS - 94387    Symbol No. ▓▓▓▓▓

Payment/Code Name Star-Kist    Period Covered 5/1/05 to 5/31/05

One Time Non-symbol Source Payment:

True Name: _____ DOB: __/__/__ SSAN: ▓▓▓

Date of Waiver: ___/___/___

11. Payment for reimbursable expense - forfeiture or drug related? X Yes ___ No

12. Requested by: Karangekis    13. Telephone No: 617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | [signature] | 4/5 05 |
| SAC / ASAC / AO / SAS Approval: | [signature] | 4/14/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | [signature] | 4/28/05 |
| Procurement Authorization: | No. ____ | |

15. Vendor No. 2 7 0 M B S 0 9 4 3 8 7  Group No. A 1   17 Obligation No. 7 9 2 7 9 5

18. Cost Center: 3 0 9 0   19. Squad/RA: 2 5 8 0   20. Follow-up Date: 0 5 2 8 0 5

21 Document No. F A D V B S 0 5 1 1 8 1 0 2 3   22. CONF X COMM

23. Draft No: 8 3 5 5 2   24. Date: 4/28/05   25. Cashier: [signature]

26. Settlement of Advance: Prior month Advance Balance: $ _____
 This Advance: $ 2000.00
 Less: Receipts: $ 2000.00
 Funds Returned and/ or Cash on Hand: $ _____
 Amount to be Reimbursed: $ _____

027. Document No. F E X P B S 0 5 1 3 0 1 0 0 8

28. Draft No: ____   29. Date: 5-10-05   30. Cashier: CM

CIU

026

Classification: _____
Classified By: _____
Declassify on: 270M-BB - 04387-M - 52

Shaded areas for draft office use only

White Original - Submitted to Confidential Services Unit by Draft Office

DATE: 4/28/2005

Received from SA Mark S Karangekis the total amount of $ _____0_____ for **Services** rendered

**and/or** $ 2,000⁰⁰ for Expenses

For the period **from** 5 / 1 / 05 **to** 5 /31 / 05.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_StarKist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)

_(signature)_
Paying Agent (signature)

_Mark S. Karangekis_
Paying Agent (type or print)

_Frank Ott_
Witnessing Law Enforcement Official
      (signature)

_FRANK OTT_
Witnessing Law Enforcement Official
      (type or print)

---------------------------------------------------------------------    027

For Official Use Only

---------------------------------------------------------------------

BS 9416-CW-VG

270m-BS-94387-M-48

FD-794 (Rev. 2-8-96)                                  Classification

| | | | |
|---|---|---|---|
| ☐ (AC) C___l Case | ☐ (CF) Asset | ☐ (GA) SOG |
| ☐ (AD) Criminal OCDETF Case | ☐ (DC) Group II UCO | ☐ (GB) OPS |
| ☐ (AF) FCI Case | ☐ (DD) OCDETF Group II | ☐ (GC) Air Operation |
| ☐ (BC) Informant/CW | ☐ (E) Group I | ☐ (H) SSG |
| ☐ (BD) Informant/CW Providing Drug info. | ☐ (F) FCI UCO | ☐ (J) FCI Lookout |

**Draft Request**                                    2. Date  0 5 / 0 3 / 0 5

3. Request for: ( ) Advance  (X) Expense   4. Social Security No: 0 4 6 7 2 6 1 1 5

5. Payee Name: MARK S. KARANGEKIS   6. File No: 214 5 D B S 0 9 Y Y Y 1

| 16. Cat | Item No | 7. Description | 8. Amount |
|---|---|---|---|
| 01 | | | |
| 02 13D | 26.001 | ~~March~~ Services rendered for April of 2005 | 1,000 00 |
| 03 | | | |
| 04 | | | |
| 05 | | | |
| 06 | | | |
| 07 | | | |

9. Total $ 1,000 00

10. Justification: See attached EC

Asset/Informant File No. 270M-BS 94387            Symbol No. ▓▓▓▓▓
Payment/Code Name Starlot                         Period Covered 5/1/05 to 4/30/05 5/3/05
One Time Non-symbol Source Payment:
True Name: _____  DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

11. Payment for reimbursable expense - forfeiture or drug related?  X Yes ___ No

12. Requested by: _____   13. Telephone No: (617)742-5533

14.                          Approval                          Date
Supervisor Initials: _____
SAC / ASAC / AO / SAS Approval: _____   5/6/05
Supply Technician Approval: _____
Draft Approval Officer: _____   5/9/05
Procurement Authorization: _____ No.

15. Vendor No. X NY 4 5 V 0 9 Y 3 8 Y 1  Group No. A1   17 Obligation No. 794333

18. Cost Center: 1 3 0 5 0   19. Squad/RA: 3 5 8 0   20. Follow-up Date: 0 6 0 4 0 5

21 Document No. Y V D Y E S 05 1 1 2 9 1 0 0 7   22. CONF ___ COMM ___

23. Draft No: 83618   24. Date: 5-9-05   25. Cashier: CYM

26. Settlement of Advance: Prior month Advance Balance: $ 1000.00
This Advance: $ 1000.00
Less: Receipts: $ 1000.00
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

27. Document No. F E X P B S 05 1 1 2 1 0 0 2

28. Draft No:   29. Date: 5-17-05   30. Cashier: CYM

**Shaded areas for draft office use only**    Classification: 270M-BS 9435P-K-56

**Yellow Copy** - Draft Request File

Classification: _____
Classified By: _____
Declassify on: _____

028

Date: _5/13/05_

Received from _SA MARK S KARANGEKIS_ the amount of $ _1,000⁰⁰_ for
Services rendered and/or $ _____0_____ for expenses for the period
From _5 / 1 /05_ to _5 /3 /05_ .

(The Payee is advised that all monies received, except those representing
payments for documented expenses, are taxable income and must be reported
to the appropriate tax authorities.)

_____Starkist_____
Code Name (Signature)

_____STARKIST_____
Code Name (Type or Print)

_____(signature)_____
Paying Agent (Signature)

_____MARK S. KARANGEKIS_____
Paying Agent (Type or Print)

_____Frank Ott_____
Witnessing Law Enforcement Official
(Signature)

_____FRANK OTT_____
Witnessing Law Enforcement Official
(Type or Print)

---------------------------------------------------------------------
### For Official Use Only
---------------------------------------------------------------------

029

BS 9416-CW-V6
270M-BS-94387-M-53

| | | | |
|---|---|---|---|
| ☐ (AD) Criminal OCDETF Ca. | ☐ (C) Group II UCO | ☐ (GB) OPS | |
| ☐ (AF) FCI Case | ☐ (D) OCDETF Group II | ☐ (GC) Air Operation | |
| ☐ (BC) Informant/CW | ☐ (E) Group I | ☐ (H) SSG | |
| ☐ (BD) Informant/CW Providing Drug info. | ☐ (F) FCI UCO | ☐ (J) FCI Lookout | |

| **Draft Request** | | **2. Date** 0 5 , 0 9 , 0 5 |
|---|---|---|

**3.** Request for: (✓ Advance ) ( ✓ Expense)   **4.** Social Security No: 0 4 6 7 2 6 1 1 5

**5.** Payee Name: MARKS KARANIGEKIS    **6.** File No: 2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. | Description  245D-BS-91441 | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | BC | 253106 | # 3,300⁰⁰ purchase of vehicle / transportation | | 3,300 ⁰⁰ |
| 03 | | | | | | |
| 04 | | | | | | |
| 05 | | | | | | |
| 06 | | | | | | |
| 07 | | | | | | |

**9.** Total $  3,300 ⁰⁰

**10.** Justification: See attached EC

Asset/Informant File No. 270M BS-94387    Symbol No. ▮▮▮▮▮▮
Payment/Code Name STARKIST    Period Covered 5/9/05 to 5/9/05
One Time Non-symbol Source Payment:
True Name: _____    DOB: __/__/__   SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? ✗ Yes   ✗ No

**12.** Requested by: _____    **13.** Telephone No: 617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | (JM) | 5/11/05 |
| SAC / ASAC / AO / SAS Approval: | | 5/11/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | Dura MacDonald | 5/12/05 |
| Procurement Authorization: | No. | |

**15.** Vendor No.    Group No.    **17.** Obligation No. 445133
**18.** Cost Center:    **19.** Squad/RA:    **20.** Follow-up Date:
**21.** Document No.    **22.** CONF & COMM
**23.** Draft No. 83658    **24.** Date: 5-12-05    **25.** Cashier: CM

**26.** Settlement of Advance:  Prior month Advance Balance: $ _____
This Advance: $ 7700 00
Less: Receipts: $ 3300 00
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed:$ _____

**27.** Document No. F E X P B S 0 5 1 3 7 0 0 3
**28.** Draft No. _____    **29.** Date: 5-17-05    **30.** Cashier: CM

_Shaded areas for draft office use only_

**Yellow Copy** - Draft Request File

Classification: _____
Classified By: _____    030
Declassify on: _____

Date: 5/13/05

Received from SA MARK S. KARANGEKIS the amount of $ 0 for

Services rendered and/or $ 3300.00 for expenses for the period

From 5/9/05 to 5·9/05.

(The Payee is advised that all monies received, except those representing payments for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_____Starkist_____
Code Name (Signature)

_____STARKIST_____
Code Name (Type or Print)

_____(signature)_____
Paying Agent (Signature)

_____MARK S. KARANGEKIS_____
Paying Agent (Type or Print)

_____Frank Ott_____
Witnessing Law Enforcement Official
(Signature)

_____FRANK OTT_____
Witnessing Law Enforcement Official
(Type or Print)

------------------------------------------------------------    031
                    **For Official Use Only**
------------------------------------------------------------

BS 9416-CW-V6

270M-B6-94397-M-57

| | | |
|---|---|---|
| ☐ (AD) Criminal OCDETF Case | ☐ (DC) Group II UCO | ☐ (GB) OPS |
| ☐ (AF) FCI Case | ☐ (DD) OCDETF Group II | ☐ (GC) Air Operation |
| ☐ (BC) Informant/CW | ☐ (E) Group I | ☐ (H) SSG |
| ☐ (BD) Informant/CW Providing Drug info. | ☐ (F) FCI UCO | ☐ (J) FCI Lookout |

**Draft Request** | **2. Date** 0 5 / 1 9 / 0 5

**3. Request for:** ( ) Advance  (✓) Expense    **4. Social Security No:** 0 4 6 7 2 6 1 1 5

**5. Payee Name:** MARK S KARANGEKIS    **6. File No:** 2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. Description | 8. Amount |
|---|---|---|---|---|
| 01 | BD | 256201 | – Rent / Utilities / Gas / Mise | $1200 00 |
| 02 | | 256205 | 800    #200    100 00    100 00 | |
| 03 | | 256207 | | $1300 00 |
| 04 | | 256206 | – Services rendered  #1300 00 | |
| 05 | | | | |
| 06 | BD | 256001 | | |
| 07 | | | CASE # 2450-BS-9144| | |

**9. Total $** 2500 00

**10. Justification:** See attached

Asset/Informant File No. 270M-BS-94387 ___ Symbol No. ▓▓▓▓▓
Payment/Code Name STONKOT ___ Period Covered 5/7/05 to 5/8/05
One Time Non-symbol Source Payment: ___ 6/1/05 to 6/30/05
True Name: ___ DOB: __/__/__ SSAN: ___
Date of Waiver: __/__/__

**11. Payment for reimbursable expense - forfeiture or drug related?** X Yes ___ No

**12. Requested by:** _[signature]_    **13. Telephone No:** 617/772-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | _[initials]_ | 5/30/05 |
| SAC / ASAC / AO / SAS Approval: | _[signature]_ | 5/25/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | | 5/27/05 |
| Procurement Authorization: | No. | |

**15. Vendor No.** 270M3S0 94387    **Group No.** A1    **17. Obligation No.** 79 7788

**18. Cost Center:** 30 170    **19. Squad/RA:** 25810    **20. Follow-up Date:** 06 26 05

**21. Document No.** KADIVBS 05 1 4 7 1 0 0 1    **22. CONF** X **COMM**

**23. Draft No.** 83772    **24. Date:** 5-27-05    **25. Cashier:** CM

**26. Settlement of Advance:** Prior month Advance Balance: $ ___
This Advance: $ 2500.00
Less: Receipts: $ 2500.00
Funds Returned and/ or Cash on Hand: $ ___
Amount to be Reimbursed: $ ___

**27. Document No.** FEIXPBN 05 1 15 1 0106

**28. Draft No.** ___    **29. Date:** 6-2-05    **30. Cashier:** CM

*Shaded areas for draft office use only*

Classification: ___
Classified By: ___
Declassify on: ___

270M-BS-94387-M-16

032

Date: _5/31/05_

Received from _SA Mark S. Karangekis_ the amount of $ _1300⁰⁰_ for

Services rendered and/or $ _1200⁰⁰_ for expenses for the period

From _5/17/05_ to _5.18/05_.


(The Payee is advised that all monies received, except those representing

payments for documented expenses, are taxable income and must be reported

to the appropriate tax authorities.)


_StarKist_
_____
Code Name (Signature)


_STARKIST_
_____
Code Name (Type or Print)


_[signature]_
_____
Paying Agent (Signature)


_Mark S Karangekis_
_____
Paying Agent (Type or Print)


_Frank Ott_
_____
Witnessing Law Enforcement Official
(Signature)


_FRANK OTT_
_____
Witnessing Law Enforcement Official
(Type or Print)

-------------------------------------------------------    033

**For Official Use Only**

-------------------------------------------------------

_BS 9416-CWD_

_270M- BS-94387-M-62_

| ☐ (AD) Criminal OCDETF | ☐ II UCO | ☐ (GB) OPS |
| ☐ (AF) FCI Case | ☐ DETF Group II | ☐ (GC) Air Operation |
| ☐ (BC) Informant/CW | ☐ Group I | ☐ (H) SSG |
| ☐ (BD) Informant/CW Providing Drug info. | ☐ (F) FCI UCO | ☐ (J) FCI Lookout |

**Draft Request** | **2. Date** 05 , 12 , 01 , 05

**3.** Request for: ( ) Advance (X) Expense | **4.** Social Security No: 0 , 4 , 6 , 7 , 2 , 6 , 1 , 1 , 5

**5.** Payee Name: MARKS KARANGEKS | **6.** File No: 2 , 7 , 0 M B S 9 , 4 , 3 , 8 , 7 ,

| 16. | Cat | Item No | 7. Description | 8. Amount |
|-----|-----|---------|----------------|-----------|
| 01 | | | | |
| 02 | BD | 256208 | 214⁵⁰ sales tax | |
| 03 | | | 200⁰⁰ registration | |
| 04 | | | 60⁰⁰ license | |
| 05 | | | 800⁰⁰ insurance | |
| 06 | | ↓ | 3400⁰⁰ furniture | |
| 07 | BD | 256205 | 400⁰⁰ household items | |
| | | | 200⁰⁰ electric + water deposits | |

case # 245D-BS—     Total $ 4274⁵⁰
91441

**10.** Justification: See attached EC

Asset/Informant File No. 270M BS 94387     Symbol No. ▓▓▓▓▓
Payment/Code Name Stardust     Period Covered 6/1/05 to 12/1/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: / / SSAN: _____
Date of Waiver: / /

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes ___ No

**12.** Requested by: [signature] | **13.** Telephone No: 617/742 5533

**14.** Approval | Date

Supervisor Initials: [signature]     5/13/0?
SAC / ASAC / AO / SAS Approval: [signature]     5/1/0?
Supply Technician Approval: [signature]
Draft Approval Officer:     5/27/0?
Procurement Authorization: _____ No. _____

**15.** Vendor No. 270 MBSp 94387 Group No. A1 | **17** Obligation No. 79778 7

**18.** Cost Center: 3 0 7 0 | **19.** Squad/RA: 2 5 8 9 | **20.** Follow-up Date: 0 6 2 6 0 5

**21.** Document No. F A D V B S 0 5 1 1 4 7 1 0 0 2 | **22.** CONF X COMM

**23.** Draft No. 83773 | **24.** Date: 5 27 05 | **25.** Cashier: CM

**26.** Settlement of Advance: Prior month Advance Balance: $ 4274 50
This Advance: $ 4274 50
Less: Receipts: $
Funds Returned and/ or Cash on Hand: $
Amount to be Reimbursed: $

034

**27.** Document No. F E X P 8 S 0 5 1 1 5 3 1 0 0 5

**28.** Draft No. | **29.** Date: 6-2-05 | **30.** Cashier: CM

*Shaded areas for draft office use only*

270M-BS-94387-44-7?

Classification: _____
Classified By: _____
Declassify on: _____

**Yellow Copy** - Draft Request File

Date: 5/31/05

Received from SA Mark S. Karanjekis the amount of $ 0 for Services rendered and/or $ 4274 50 for expenses for the period From 6/1/05 to 12/1/05 .

(The Payee is advised that all monies received, except those representing payments for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_Starkist_
Code Name (Signature)

STARKIST
Code Name (Type or Print)

_(signature)_
Paying Agent (Signature)

Mark S. Karanjekis
Paying Agent (Type or Print)

Frank Ott
Witnessing Law Enforcement Official
(Signature)

FRANK OTT
Witnessing Law Enforcement Official
(Type or Print)

------------------------------------------------
**For Official Use Only**
------------------------------------------------

035

BS 9416 - CN-V6
2TOM-BS-9428 7-M- 67

FD-794 (Rev. 2-8-90)

|  | (AC) Criminal Case | (CF) Asset | (GA) SOG |
|---|---|---|---|
|  | (AD) Criminal OCDETF Case | (DC) Group II UCO | (GB) OPS |
|  | (AF) FCI Case | (DD) OCDETF  Group II | (GC) Air Operation |
|  | (BC) Informant/CW | (E) Group I | (H) SSG |
|  | (BD) Informant/CW Providing Drug info. | (F) FCI UCO | (J) FCI Lookout |

**Draft Request**                                        2. Date  0 6 / 1 9 / 0 5

3. Request for:  ( ) Advance  ( X ) Expense     4. Social Security No:  0 4 6 7 2 6 1 1 5

5. Payee Name:  MARK KARANISKIS     6. File No:  2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. Description 245D-BS-91441 | 8. Amount |
|---|---|---|---|---|
| 01 | | | | |
| 02 | | | $1200⁰⁰ living expenses | |
| 03 | | | | |
| 04 | BD | 234101 | $825⁰⁰ rent | 825.00 |
| 05 | BD | 234901 | $175⁰⁰ Utilities | 175.00 |
| 06 | BD | 235701 | $200⁰⁰ Mi+E | 200.00 |
| 07 | | | 245D-BS-91441-Spring | |

9. Total $  1200⁰⁰

10. Justification:  See attached EC

Asset/Informant File No.  270m BS-94387          Symbol No.: ~~————~~
Payment/Code Name  Starkist          Period Covered  7/1/05 to 7/31/05
One Time Non-symbol Source Payment:
True Name: _____  DOB: __/__/__  SSAN: _____
Date of Waiver:  __/__/__

11. Payment for reimbursable expense - forfeiture or drug related?  X Yes  ____ No

12. Requested by:  (signature)          13. Telephone No:  617/742-5533

| 14. | Approval | Date |
|---|---|---|
| Supervisor Initials: | (initials) | 1/20/05 |
| SAC / ASAC / AO / SAS Approval: | (signature) | 6/14/05 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | (signature) | 6/21/05 |
| Procurement Authorization: | No. | |

15. Vendor No.  278MBS0191381Y     Group No.: A1     17. Obligation No.  802095

18. Cost Center:  30910     19. Squad/RA:  45A1A     20. Follow-up Date:  07 22 05

21. Document No.  1A01BS015 1731001     22. CONF ____ COMM

23. Draft No:  8391     24. Date:  6-22-05     25. Cashier:  CM

26. Settlement of Advance:  Prior month Advance Balance: $ _____
This Advance:  $ 1200.00
Less: Receipts:  $ 200.00
Funds Returned and/ or Cash on Hand:  $ _____
Amount to be Reimbursed:$ _____

27. Document No.  FEXPBS051 1951 008

28. Draft No: _____  29. Date:  7/14/05     30. Cashier:  (signature)

*Shaded areas for draft office use only*

Classification: _____
Classified By: _____
Declassify on: _____

036

76

Date: _6/27/05_

Received from _SA  MARK S. KARANGEKIS_ the amount of $ _1000.00_ for

Services rendered and/or $ _1200.00_ for expenses for the period

From _7/1/05_ to _7/31/05_.

(The Payee is advised that all monies received, except those representing payments for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_Starkist_
Code Name (Signature)

_STARKIST_
Code Name (Type or Print)

_Mark/K_
Paying Agent (Signature)

_Mark S. Karangekis_
Paying Agent (Type or Print)

_Frank Ott_
Witnessing Law Enforcement Official
(Signature)

_Frank Ott_
Witnessing Law Enforcement Official
(Type or Print)

--------------------------------------------------------------

**For Official Use Only**

037

--------------------------------------------------------------

_BS 9416-CN-V6_
_OTDM. BS-94987-M-73_

FD-794 (Rev. 2-8-96)

## 1. Classification

| | |
|---|---|
| (AC) Criminal Case | (CF) Asset |
| (AD) Criminal OCDETF Case | (DC) Group II UCO |
| (AF) FCI Case | (DD) OCDETF Group II |
| (BC) Informant/CW | (E) Group I |
| (BD) Informant/CW Providing Drug info. | (F) FCI UCO |

| | |
|---|---|
| (GA) SOG |
| (GB) OPS |
| (GC) Air Operation |
| (H) SSG |
| (J) FCI Lookout |

**Draft Request**

**2.** Date  0 6 / 1 9 / 0 5

**3.** Request for: ( X Advance ( ) Expense

**4.** Social Security No: 0 4 6 7 2 6 1 1 5

**5.** Payee Name: MARK S KARONGELIS

**6.** File No: 2 7 0 M B S 9 4 3 8 7

**16.** **7.** Description 245D-BS-91441

| Cat | Item No | Description | **8.** Amount |
|---|---|---|---|
| 01 | | | |
| 02 | | | |
| 03 BD | 257/901 | Utility expense incurred $94.60 | 94.60 |
| 04 | | | |
| 05 | | | # 94.60 |
| 06 | | | |
| 07 | | | |

**9.** Total $ 94.60

**10.** Justification: See attached EC

Asset/Informant File No. 270M-BS-94387        Symbol No.
Payment/Code Name: Starlist            Period Covered 5/1/05 to 6/1/05
One Time Non-symbol Source Payment:                    5/31/05
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related?  x Yes ___ No

**12.** Requested by: _____

**13.** Telephone No: 617/742-5533

**14.** Approval                Date

Supervisor Initials: _____        6/20/05
SAC / ASAC / AO / SAS Approval: _____    6/27/05
Supply Technician Approval: _____
Draft Approval Officer: Susan MacDonald    6/23/05
Procurement Authorization: _____ No. _____

**15.** Vendor No. 270MBS10 94387    **Group No.** A1    **17** Obligation No. 802759

**18.** Cost Center: 130910    **19.** Squad/RA: 45 80    **20.** Follow-up Date: 07/27/05

**21.** Document No. FADIVBS 05 1 78 001    **22.** CONF x COMM

**23.** Draft No: 83946    **24.** Date: 6/27/05    **25.** Cashier: _____

**26.** Settlement of Advance: Prior month Advance Balance: $ _____
This Advance: $ 94.60
Less: Receipts: $ 94.60
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

038

**27.** Document No. FEXPBS 05 1 195 001

**28.** Draft No: _____    **29.** Date: 7/14/05    **30.** Cashier: _____

**Shaded areas for draft office use only**    CIU    270M-BS-94387-M-82

Classification: _____
Classified By: _____

**White Original** - Submitted to Voucher Unit by Draft Office

DATE: _6/29/05_

Received from _SA Mark S Karanbers_ the total amount of $ ____0____ for **Services** rendered

**and/or** $ _9460_ for **Expenses**

For the period **from** _5 / 1 / 05_ **to** _5/31/05_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)

_[signature]_
Paying Agent (signature)

_Mark S Karanbekis_
Paying Agent (type or print)

_Frank O.tt_
Witnessing Law Enforcement Official
(signature)

_Frank OTT_
Witnessing Law Enforcement Official
(type or print)

039

---------------------------------------------------------------
For Official Use Only
---------------------------------------------------------------

_BS 9416-CW-V6_

_270M-BS-9U387-M-79_

Classification

| | | | |
|---|---|---|---|
| (AC) Criminal | (CF) Asset | (GA) SOG |
| (AD) Criminal OCDETF Case | (DC) Group II UCO | (GB) OPS |
| (AF) FCI Case | (DD) OCDETF Group II | (GC) Air Operation |
| (BC) Informant/CW | (E) Group I | (H) SSG |
| (BD) Informant/CW Providing Drug Info. | (F) FCI UCO | (J) FCI Lookout |

**Draft Request** | **2. Date** 07/21/05

**3.** Request for: ( ) Advance (x) Expense | **4.** Social Security No: 046 72 6115

**5.** Payee Name: MARK KARANGEKIS | **6.** File No: 270 MBS 9438 7M

| 16. | Cat | Item No | 7. Description | 8. Amount |
|---|---|---|---|---|
| 01 | | | | 1200 00 |
| 02 | | | Rent and Utilities expenses | |
| 03 | BD | 254101 | Rent — 825 | |
| 04 | BD | 254901 | Utilities — 175 | |
| 05 | BD | 255101 | Food — 200 | |
| 06 | | | | |
| 07 | | | CASE # 2450-BS-91441 | |

**9.** Total $ 1200 00

**10.** Justification: See attached OFS

Asset/Informant File No. 270M-BS-94387 | Symbol No. ████████
Payment/Code Name Starkist | Period Covered 8/1/05 to 8/31/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes ___ No

**12.** Requested by: [signature] | **13.** Telephone No: 617/742-5533

| 14. Approval | Date |
|---|---|
| Supervisor Initials: | 7/22/05 |
| SAC / ASAC / AO / SAS Approval: | 7/26/05 |
| Supply Technician Approval: | |
| Draft Approval Officer: | 7/25/05 |
| Procurement Authorization: No. | |

**15.** Vendor No. 270MBS094387 | Group No. A1 | **17** Obligation No. 808312
**18.** Cost Center: 30 9P | **19.** Squad/RA: 253 0 | **20.** Follow-up Date: 08 26 05
**21.** Document No. FADRBS 05 1298 004 | **22.** CONF X COMM
**23.** Draft No. 84155 | **24.** Date: 7/27/05 | **25.** Cashier: [signature]

| 26. Settlement of Advance | Prior month Advance Balance: $ | |
|---|---|---|
| | This Advance: $ 1200.00 | |
| | Less: Receipts: $ 1200.00 | 040 |
| | Funds Returned and/or Cash on Hand: $ | |
| | Amount to be Reimbursed: $ | |

**27.** Document No. FEXPBS 05 1238 004
**28.** Draft No. | **29.** Date: 8-26-05 | **30.** Cashier: [signature]

*Shaded areas for draft office use only*

14

Classification: _____
Classified By: _____
Declassify on: _____
270M-BS-94387-M-86

DATE: 7/29/05

Received from SA MARKS KARANGEKIS the total amount of $ [illegible] for Services rendered

and/or $ 1200⁰⁰ for Expenses

For the period from 8 / 1 / 05 to 8 / 31 / 05.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_____
Code Name (signature)

_____STARKIST_____
Code Name (type or print)

_____
Paying Agent (signature)

___MARK S. KARANGEKIS_____
Paying Agent (type or print)

_____
Witnessing Law Enforcement Official
        (signature)

SA MICHAEL J. DONOHUE
Witnessing Law Enforcement Official
        (type or print)

041

-------------------------------------------------------------
For Official Use Only
-------------------------------------------------------------

BS 9416-CN-VG

270M-BS-94367-M-83

FD-794 (Rev. 3-8-00)

Classification

| | (AC) Crimin.....ase | | (CF) Asset | | (GA) SOG |
|---|---|---|---|---|---|
| | (AD) Criminal OCDETF Case | | (DC) Group II UCO | | (GB) OPS |
| | (AF) FCI Case | | (DD) OCDETF Group II | | (GC) Air Operation |
| | (BC) Informant/CW | | (E) Group I | | (H) SSG |
| | (BD) Informant/CW Providing Drug info. | | (F) FCI UCO | | (J) FCI Lookout |

**Draft Request**

| | | 2. Date | 06, 29, 05 |
|---|---|---|---|

**3.** Request for: ( ) Advance (X) Expense    **4.** Social Security No: 046 72 6115

**5.** Payee Name: MARK KARANGEKIS    **6.** File No: 270 MBS 94387 M

245D-B3-91441

| **16.** Cat | Item No | **7.** Description | **8.** Amount |
|---|---|---|---|
| 01 | | | |
| 02 BD | 255209 | Travel relocation #665 80 | |
| 03 | | | |
| 04 BD | 255201 | Car repairs #313.47 | |
| 05 | | | |
| 06 BD | 256001 | Services #1,000.00 | |
| 07 | | | |

**9.** Total $ 1979 27

**10.** Justification: See attached EC

Asset/Informant File No. 270M-BS-94387    Symbol No. ▮▮▮▮▮▮▮
Payment/Code Name Storkist    Period Covered 2/27/05 to 6/29/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes   No

**12.** Requested by: _Mark K_    **13.** Telephone No: 617/742-5533

**14.**                          Approval                          Date

| Supervisor Initials: | (JM) PC | 6/30/05 |
|---|---|---|
| SAC / ASAC / AO / SAS Approval: | | 7/5/2005 |
| Supply Technician Approval: | | |
| Draft Approval Officer: | | 7/5/05 |
| Procurement Authorization: | | No. |

**15.** Vendor No. 270 MBS 94387    Group No. A1    **17** Obligation No. 805153

**18.** Cost Center: 30190    **19.** Squad/RA: 25 80    **20.** Follow-up Date: 08/10/05

**21** Document No. FIADIVBS 05 1 192 1013    **22.** CONF X COMM

**23.** Draft No. 84022    **24.** Date: 7-11-05    **25.** Cashier: CM

**26.** Settlement of Advance: Prior month Advance Balance: $ _____
This Advance: $ 1979 27
Less: Receipts: $ 1979 37
Funds Returned and/or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

042

**27.** Document No. FEXP 18 05 1 23 8 102

**28.** Draft No. _____    **29.** Date: 8-26-05    **30.** Cashier: CM

Shaded areas for draft office use only

Classification: _____
Classified By: _____
Declassify on: _____

270M-BS-94387 M-90

DATE: _7/12/05_

Received from _JA Marks Karangeks_ the total amount of $ _10.00_ _00_ for **Services** rendered **and/or** $ _979_ _27_ for **Expenses**

For the period **from** _2/27/05_ **to** _6/29/05_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)

_Mark S Karangeks_
Paying Agent (signature)

_Mard/(_
Paying Agent (type or print)

_Frank Ott_
Witnessing Law Enforcement Official
(signature)

_Frank Ott_
Witnessing Law Enforcement Official
(type or print)

043

---

**For Official Use Only**

---

_BS 9416-CW-V6_

_270M-BS-94387-M-87_

DATE: _6/29/05_____

Received from _SA Mark S Karanbeks_ the total amount of $ ____0____ for **Services** rendered **and/or** $ _9460_ for **Expenses**

For the period **from** _5/1/05_ to _5/31/05_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_____
Code Name (signature)

_STARKIST_____
Code Name (type or print)

_____
Paying Agent (signature)

_Mark S Karanbekis_____
Paying Agent (type or print)

_Frank Ott_____
**Witnessing Law Enforcement Official**
(signature)

_Frank OTT_____
**Witnessing Law Enforcement Official**
(type or print)

039

-----------------------------------------
**For Official Use Only**
-----------------------------------------

_B8 9416-CW-V6_

_270M-BS-9U387-M-79_

| | (AC) Criminal Case | (CF) Asset | (GA) SOG |
|---|---|---|---|
| | (AD) Criminal OCDETF Case | (DC) Group II UCO | (GB) OPS |
| | (AF) FCI Case | (DD) OCDETF Group II | (GC) Air Operation |
| | (BC) Informant/CW | (E) Group I | (H) SSG |
| | (BD) Informant/CW Providing Drug Info. | (F) FCI UCO | (J) FCI Lookout |

**Draft Request**

**2. Date** 07/21/05

**3.** Request for: ( ) Advance (X) Expense

**4.** Social Security No: 046726115

**5.** Payee Name: MARK KARANGEKIS

**6.** File No: 270MBS94387M

| 16. | Cat | Item No | 7. Description | 8. Amount |
|---|---|---|---|---|
| 01 | | | Rent and Utilities expenses | 1200 00 |
| 02 | | | | |
| 03 | BD | 254101 | Rent     —  825 | |
| 04 | BD | 254901 | Utilities  —  175 | |
| 05 | BD | 255101 | Food     —  200 | |
| 06 | | | | |
| 07 | | | CASE # 245D-BS-91441 | |

**9.** Total $ 1200 00

**10.** Justification: See attach. DES

Asset/Informant File No. 270M-BS-94387      Symbol No. ▬▬▬▬
Payment/Code Name Starkist      Period Covered 8/1/05 to 8/31/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes ___ No

**12.** Requested by: _(signature)_

**13.** Telephone No: 617/742-5533

**14.** Approval | Date

Supervisor Initials: _____      7/22/05
SAC / ASAC / AO / SAS Approval: _____  7/26/05
Supply Technician Approval:
Draft Approval Officer:      7/25/05
Procurement Authorization: _____   No. _____

**15.** Vendor No. 270MBS094387      Group No. A1   **17.** Obligation No. 808312

**18.** Cost Center: 30 9 P   **19.** Squad/RA: 2 5 3 0   **20.** Follow-up Date: 08 26 05

**21.** Document No. F A D V B S 05 1 2 9 8 1 004   **22.** CONF X COMM

**23.** Draft No. 84155   **24.** Date: 7/27/05   **25.** Cashier: JM

**26.** Settlement of Advance   Prior month Advance Balance: $ _____
This Advance: $ 1200.00
Less: Receipts: $ 1200.00
Funds Returned and/ or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

040

**27.** Document No. F E X P B S 05 1 2 3 8 1 004

**28.** Draft No. _____   **29.** Date: 8-26-05   **30.** Cashier: JM

*Shaded areas for draft office use only*

14

Classification: _____
Classified By: _____
Declassify on: _____
270M-BS-94387-M-86

DATE: 7/29/05

Received from SA MARKS KARANGEKIS the total amount of $ [illegible]  for Services rendered
and/or $ 1200 00  for Expenses

For the period from 8 / 1 / 05 to 8 / 31 / 05.

(The Payee is advised that all monies received, except those representing payment for documented
expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name  (signature)

STARKIST
Code Name (type or print)

[signature]
Paying Agent (signature)

MARK S. KARANGEKIS
Paying Agent (type or print)

[signature]
Witnessing Law Enforcement Official
(signature)

SA MICHAEL J. DONOHUE
Witnessing Law Enforcement Official
(type or print)

041

--------------------------------------------------
For Official Use Only
--------------------------------------------------

BS 9416-CN-V6

270M-BS-94367-M-83

FD-794 (Rev. )   Classification

| | | | | |
|---|---|---|---|---|
| (AC) Criminal Case | (CF) Asset | (GA) SOG |
| (AE) Criminal OCDETF Case | (DC) Group II UCO | (GB) OPS |
| (AF) FCI Case | (DD) OCDETF Group II | (GC) Air Operation |
| (BC) Informant/CW | (E) Group I | (H) SSG |
| (BD) Informant/CW Providing Drug Info. | (F) FCI UCO | (J) FCI Lookout |

**Draft Request** | **2. Date** 0 6 ' 2 9 ' 0 5

**3.** Request for: ( ) Advance  (X) Expense | **4.** Social Security No: 0 4 6 7 2 6 1 1 5

**5.** Payee Name: MARK KARANGEKIS | **6.** File No: 2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. | Description   245D-BS-91441 | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | BD | 256209 | Travel relocation #665 80 | | | |
| 03 | | | | | | |
| 04 | BD | 255201 | Car repairs #313.47 | | | |
| 05 | | | | | | |
| 06 | BD | 256001 | Services #1,000.00 | | | |
| 07 | | | | | | |

**9.** Total $ 1979 27

**10.** Justification: See attached EC

Asset/Informant File No. 270M-BS-94387 | Symbol No. ▓▓▓▓▓
Payment/Code Name Starkist | Period Covered 2/27/05 to 6/29/05
One Time Non-symbol Source Payment:
True Name: _____ DOB: __/__/__ SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes  _ No

**12.** Requested by: _signature_ | **13.** Telephone No: 617/742-5533

**14.** | Approval | Date
Supervisor Initials: | _initials_ | 6/30/05
SAC / ASAC / AO / SAS Approval: | _signature_ | 7/5/2005
Supply Technician Approval: | | 
Draft Approval Officer: | _signature_ | 7/5/05
Procurement Authorization: | _signature_ | No. 

**15.** Vendor No. 270MBS94387 | Group No. A1 | **17** Obligation No. 805153
**18.** Cost Center: 3 0 1 9 0 | **19.** Squad/RA 2 5 8 0 | **20.** Follow-up Date: 0 8 1 0 0 5
**21.** Document No. 1 F A D I V B S 0 5 1 1 9 2 1 0 1 3 | **22.** CONF X COMM
**23.** Draft No. 84022 | **24.** Date: 7-11-05 | **25.** Cashier: CM
**26.** Settlement of Advance: Prior month Advance Balance: $ 1979.27
This Advance: $ 1979.27
Less: Receipts: $ 1979.27
Funds Returned and/ or Cash on Hand: $ 
Amount to be Reimbursed:$ 

042

**27.** Document No. F E X P 8 5 0 5 1 2 3 8 1 0 2
**28.** Draft No: | **29.** Date: 8-26-05 | **30.** Cashier: CM

*Shaded areas for draft office use only*

Classification: _____
Classified By: _____
**Yellow Copy** - Draft Request File | Declassify on: _____

DATE: 7/12/05

Received from _JA Mark S Karangekis_ the total amount of $ _10,00 00_ for **Services** rendered

**and/or** $ _979 27_ for **Expenses**

For the period **from** _2 /27/ 05_ **to** _6 / 29/05_ .


(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriated tax authorities.)

_Starkist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)


_Mark S Karangekis_
Paying Agent (signature)

_Mark S/(_
Paying Agent (type or print)


_Frank Ott_
Witnessing Law Enforcement Official
(signature)

_Frank Ott_
Witnessing Law Enforcement Official
(type or print)

043

BS 9416-CW-V6

270M-BS-94387-M-87

FD-794 (Rev. 2-8-96)

Classification:

| | (AC) | Criminal Case | | (CF) | Asset | | (GA) | SOG |
|---|---|---|---|---|---|---|---|---|
| | (AD) | Criminal OCDETF Case | | (DC) | Group II UCO | | (GB) | OPS |
| | (AF) | FCI Case | | (DD) | OCDETF Group II | | (GC) | Air Operation |
| | (BC) | Informant/CW | | (E) | Group I | | (H) | SSG |
| | (BD) | Informant/CW Providing Drug info. | | (F) | FCI UCO | | (J) | FCI Lookout |

**Draft Request**

**2. Date** 08 / 25 / 05

**3.** Request for: ( ) Advance (X) Expense

**4.** Social Security No: 0 4 6 7 2 6 1 1 5

**5.** Payee Name: MARK S KARANGEKIS

**6.** File No: 27 OM BS 9 43 8 7 A

| 16. | Cat | Item No | 7. | Description 245D-BS-91441 | | 8. | Amount |
|---|---|---|---|---|---|---|---|
| 01 | | | | | | | |
| 02 | BD | 256-208 | Transportation expense | # 5000 00 | | | |
| 03 | | | | | | | |
| 04 | BD | 256-201 | RENT | # 800 00 | | | |
| 05 | | | | | | | |
| 06 | | | related to 2450-BS-91441-Spring | | | | |
| 07 | | | | | | | |

**9.** Total $ 5800 00

**10.** Justification: See attached EC

Asset/Informant File No. 270m BS-9438 7

Symbol No.

Payment/Code Name STARKIST

Period Covered 9/1/05 to 9/30/05

One Time Non-symbol Source Payment:

True Name: _____ DOB: __/__/__ SSAN: _____

Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes _____ No

**12.** Requested by: _[signature]_

**13.** Telephone No: 617/742-5533

**14.** Approval

Date

Supervisor Initials: M60/EW  8/25/2005

SAC / ASAC / AO / SAS Approval: _____  08/26/2005

Supply Technician Approval: _____

Draft Approval Officer: _Susan / MacDonald_  8/26/05

Procurement Authorization: _____ No. _____

**15.** Vendor No. 8/0MBLS10 9413817

**17.** Obligation No. 814112

Group No. A1

**18.** Cost Center: 1310910

**19.** Squad/RA: 143810

**20.** Follow-up Date: 09 25 05

**21.** Document No. 1A10V13S 015  2381 0 10

**22.** CONF & COMM

**23.** Draft No. 84341

**24.** Date: 8 26 05

**25.** Cashier: CM

**26.** Settlement of Advance: Prior month Advance Balance: $ _____

This Advance: $ 5800.00

Less: Receipts: $ 5800.00

Funds Returned and/ or Cash on Hand: $ _____

Amount to be Reimbursed: $ _____

044

9/6

**27.** Document No. FIGXIPIBI S1015 2761 1010

**28.** Draft No. _____

**29.** Date: 10-3-05

**30.** Cashier: CM

*Shaded areas for draft office use only*

**Yellow Copy** - Draft Request File

Classification: _____

Classified By: _____

Declassify on: _____

DATE: _9/6/05_

Received from _SA Mark S Karangekis_ the total amount of $ _O_ for **Services** rendered **and/or** $ _5800 00_ for **Expenses**

For the period from _9 / 1 / 05_ to _9 , 30 , 05_.

(The Payee is advised that all monies received, except those representing payment for documented expenses, are taxable income and must be reported to the appropriate tax authorities.)

_Starkist_
Code Name  (signature)

_STARKIST_
Code Name (type or print)

_(signature)_
Paying Agent (signature)

_Mark S. Karangekis_
Paying Agent (type or print)

_(signature)_
Witnessing Law Enforcement Official
(signature)

_SA Michael J. Donohoe_
Witnessing Law Enforcement Official
(type or print)

045

---

**For Official Use Only**

---

_BS-9416-CW-VG_

_270M-BS-94387-M-92_

FD-794 (Rev. 2-8-96)

**1. Classification**

| | |
|---|---|
| ___ (AC) Criminal Case | ___ (CF) Asset |
| ___ (AD) Criminal OCDETF Case | ___ (DC) Group II UCO |
| ___ (AF) FCI Case | ___ (DD) OCDETF Group II |
| ___ (BC) Informant/CW | ___ (E) Group I |
| ___ (BD) Informant/CW Providing Drug info. | ___ (F) FCI UCO |

| |
|---|
| ___ (GA) SOG |
| ___ (GB) OPS |
| ___ (GC) Air Operation |
| ___ (H) SSG |
| ___ (I) FCI Lookout |

**Draft Request**

**2. Date** 0 6 / 0 7 / 0 5

**3. Request for:** ( ) Advance  ( X ) Expense

**4. Social Security No:** 0 4 6 7 2 6 1 1 5

**5. Payee Name:** MARKS KARANGEKIS

**6. File No:** 2 7 0 M B 5 9 4 3 8 7

| 16. | Cat | Item No | 7.        Description 2450-B8-91441 | 8. Amount |
|-----|-----|---------|------------------------------------|-----------|
| 01 | | | | |
| 02 | BD | 253605 | #400°° Furniture for relocation site | 400.00 |
| 03 | | | | |
| 04 | BD | 253106 | #200°° transportation / cab fare | 200.00 |
| 05 | | | | |
| 06 | BD | 253005 | #400°° hotel and austenance 3 extra | ~~1,000~~ 100.00 |
| 07 | BD | 253004 | nights | 150.00 |
| | | | 2450-B5-91441-Spring | |

**9. Total $** 1,000 °°

**10. Justification:** See attached EC

Asset/Informant File No. 270M-BS-94387          Symbol No. ███

Payment/Code Name StarKist          Period Covered 6/8/05 to 6/9/05

One Time Non-symbol Source Payment:

True Name: _____ DOB: __/__/__ SSAN: _____

Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? X Yes ___ No

**12.** Requested by: _[signature]_

**13.** Telephone No: 617/742-5533

**14.** Approval

|  | Date |
|---|---|
| Supervisor Initials: _[initials]_ | 6/7/05 |
| SAC / ASAC / AO / SAS Approval: _[signature]_ | 6/8/05 |
| Supply Technician Approval: | |
| Draft Approval Officer: _Susan MacDonald_ | 6/8/05 |
| Procurement Authorization: ___ No. ___ | |

**15.** Vendor No. _____  Group No. A1  **17.** Obligation No. 799656

**18.** Cost Center: 130190  **19.** Squad/RA: L43181  **20.** Follow-up Date: 12/18/05

**21.** Document No. AADDIVIDS 05 159 002  **22.** CONF X COMM

**23.** Draft No: 83822  **24.** Date: 6/8/05  **25.** Cashier: _[initials]_

**26.** Settlement of Advance: Prior month Advance Balance: $ _____

This Advance: $ 1,000.00

Less: Receipts: $ 1,000.00

Funds Returned and/ or Cash on Hand: $ _____

Amount to be Reimbursed: $ _____

046

**27.** Document No. F E X P R S 05 127 007

**28.** Draft No:  **29.** Date: 9-28-05  **30.** Cashier _[initials]_

*Shaded areas for draft office use only*

270M-B6-9438M-100

Classification: _____

Classified By: _____

Declassify on: _____

Date _9/27/05_____

This is to certify that the amount of $ _1000.00_____ was paid to

_Starkist_____ and the receipt was lost. *original* for 6/5/05 to 6/9/05

270M-BS-94387-M - 96

| | | | | |
|---|---|---|---|---|
| (AC) | (A) OCDETF Case | (DC) (DD) | Asset Group II | (SA) SOS |
| (AF) | FCI Case | (DD) | OCDETF Group II | (GB) OPS |
| (BC) | Informant/CW | (E) | Group I | (GC) Air Operation |
| (BD) | Informant/CW Providing Drug info. | (F) | FCI UCO | (H) SSG |
| | | | | (J) FCI Lookout |

**Draft Request**

**2. Date** 1 0 / 2 4 / 0 5

**3.** Request for: ( ) Advance ( X ) Expense

**4. Social Security No:** 0 4 6 7 2 6 1 1 5

**5. Payee Name:** MARK S. KARANGEKIS

**6. File No:** 2 7 0 M B S 9 4 3 8 7 M

| 16. | Cat | Item No | 7. | Description 245D-BS-97441 | 8. | Amount |
|---|---|---|---|---|---|---|
| 01 | | | | | | |
| 02 | BD | 266-201 | RENT | 1,000 00 | | |
| 03 | BD | 266-205 | UTILITIES # 400 00 | | | |
| 04 | BD | 266-207 | Gas 300 00 | | | |
| 05 | | | | | | |
| 06 | | | 245D-BS 91441-Spring | | | |
| 07 | | | | | | |

**9. Total $** 1700 00

**10. Justification:** See attached EC

Asset/Informant File No. 270M-BS - 94387   Symbol No. ▬▬▬▬▬
Payment/Code Name "Starlet"   Period Covered 11/1/05 to 11/30/05
One Time Non-symbol Source Payment:
True Name: _____   DOB: __/__/__   SSAN: _____
Date of Waiver: __/__/__

**11.** Payment for reimbursable expense - forfeiture or drug related? ✗ Yes   No

**12.** Requested by: M.S.K.   **13.** Telephone No: 617/742-5533

**14.** Approval   Date

Supervisor Initials: _____   10/24/05
SAC / ASAC / AO / SAS Approval: _____   11/02/2__
Supply Technician Approval: _____
Draft Approval Officer: _____   11/28/05
Procurement Authorization: _____   No. _____

| 15. Vendor No. | | Group No. | 17. Obligation No. |
|---|---|---|---|
| | | | 825845 |

**18.** Cost Center:   **19.** Squad/RA:   **20.** Follow-up Date:

**21.** Document No.   **22.** CONF   COMM

**23.** Draft No. 8459   **24.** Date: 11-4-05   **25.** Cashier: CM

**26.** Settlement of Advance: Prior month Advance Balance: $ _____
This Advance: $ 1700.00
Less: Receipts: $ 1700.00
Funds Returned and/or Cash on Hand: $ _____
Amount to be Reimbursed: $ _____

048

**27.** Document No. F F X P B S 0 6 1 3 3 5 1 0 1 4

**28.** Draft No.   **29.** Date: 12-5-05   **30.** Cashier: CM

***Shaded areas for draft office use only***

Classification: _____
Classified By: _____
Declassify on: _____

270M-BS-94387-M-106

Date: 11/8/05

Received from _SA MARK S. KARANGEKIS_ the amount of $ _____ for
Services rendered and/or $ _1700⁰⁰_ for expenses for the period
From _11 / 1 / 05_ to _11 /30 / 05_ .

(The Payee is advised that all monies received, except those representing
payments for documented expenses, are taxable income and must be reported
to the appropriate tax authorities.)


X _Starkist_
Code Name (Signature)


_STARKIST_
Code Name (Type or Print)


_M. . . . . . ._
Paying Agent (Signature)


_MARK S. KARANGEKIS_
Paying Agent (Type or Print)


_Frank Ott_
Witnessing Law Enforcement Official
(Signature)


_FRANK OTT_
Witnessing Law Enforcement Official
(Type or Print)

049

---
**For Official Use Only**
---

270M-BS-94387-M-102

B8 9416

 **verizon**wireless

**Bill date**      October 18, 2004               Page 3 of 67
**Account number**
**Invoice number**

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| | | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| Your account | 1 | $.00 | | | | | | |
| 413-262-5447 | 4 | | 143.98 | 391.9▮ | .00 | 15.00 | 43.69 | 594.64 |
| **Total current charges** | | $.00 | | | | | | |

050

**verizon**wireless

**Bill date**        **November 18, 2004**                    Page 3 of 64
Account number
Invoice number

## Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 310.89 | .00 | .00 | 31.51 | 422.39 |
| **Total current charges** | | | | | | | | |

051



| | Bill date | | | | Page 3 of 66 |
|---|---|---|---|---|---|
| | Account number | December 18, 2004 | | | |
| | Invoice number |  | | | |

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 312.73 | .00 | .00 | 31.71 | 424.43 |
| **Total current charges** | | | | | | | | |

052

**verizon**wireless

| | |
|---|---|
| **Bill date** | **January 18, 2005** |
| Account number | |
| Invoice number | |



Page 3 of 96

## Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 834.98 | .00 | .00 | 73.40 | 988.37 |
| **Total current charges** | | | | | | | | |

053

 wireless

| | | |
|---|---|---|
| **Bill date** | **February 18, 2005** | Page 3 of 94 |
| Account number |  | |
| Invoice number | | |

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 946.57 | 146.99 | .00 | 82.41 | 1,255.96 |
| **Total current charges** | | | | | | | | |

054

**verizon**wireless

**Bill date**        March 18, 2005                    Page 3 of 70
Account number
Invoice number

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 576.90 | .00 | .00 | 52.84 | 709.73 |
| **Total current charges** | | | | | | | | |

055



| | | Bill date | **April 18, 2005** | | | Page 3 of 80 |
| | | Account number |  | | | |
| | | Invoice number | | | | |

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 548.22 | .00 | .00 | 50.49 | 678.70 |
| **Total current charges** | | | | | | | | |

056



**Bill date**    May 18, 2005                                              Page 3 of 87
Account number    ▓▓▓▓▓▓▓▓▓
Invoice number    ▓▓▓▓▓▓▓▓▓

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 573.51 | .00 | .00 | 52.31 | 705.81 |
| **Total current charges** | | | | | | | | |

057



Bill date          **June 18, 2005**
Account number
Invoice number

Page 3 of 73



# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | 79.99 | 418.73 | .00 | .00 | 39.85 | 538.57 |
| **Total current charges** | | | | | | | | |

058

Order #: 0802E   Copy #: 02

verizonwireless

**Bill date**       **July 18, 2005**
Account number
Invoice number

Page 3 of 55

# Summary of current charges

| Charges for | Page number | Account charges & credits | Monthly charges | Usage charges | Equipment charges | VZW surcharges and other charges and credits | Taxes, governmental surcharges and fees | Total charges |
|---|---|---|---|---|---|---|---|---|
| Your account | 1 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| 413-262-5447 | 4 | | -42.30 | .00 | .00 | .00 | -3.76 | -46.06 |
| | 5 | | | | | | | |
| | 6 | | | | | | | |
| | 7 | | | | | | | |
| | 10 | | | | | | | |
| | 34 | | | | | | | |
| **Total current charges** | | | | | | | | |

059